ANNA WETHERELL, Supervisor of Registration; W. P. WILKINSON, Chairman of Board of County Commissioners of Volusia County, Florida, etc., et al., *Petitioners*, v. BEN D. THURSBY and HONORABLE M. G. ROWE, as Judge of the Seventh Judicial Circuit of the State of Florida, in and for Volusia County, *Respondents.*

En Banc.

Opinion filed June 30, 1930.

*Hull, Landis & Whitehair,* for Petitioners;

*Scarlet, Jordan, Futch & Fielding,* for Respondents.

PER CURIAM.—In this case the record shows that petition for writ of mandamus was filed July 5th, 1928, by Ben D. Thursby before the Honorable M. G. Rowe, judge of the Seventh Judicial Circuit of Florida, naming the petitioners herein as respondents.

Alternative writ of mandamus issued July 7th commanding the respondents to show cause on July 13th, 1928, why a recount should not be had as to the ballots in boxes of certain precincts in Volusia County, Florida, which precincts were specifically named in the writ. On July 11th the respondents filed suggestions of the disqualification of

the judge and therewith presented supporting affidavits. On July 12th Judge Rowe made an order holding himself not disqualified to officiate as judge in determining the rights of the parties in the cause.

On July 13th, 1928, the respondents in the court below filed a petition in this Court for a writ of prohibition to prohibit the said Judge M. G. Rowe from proceeding to officiate as judge in the cause. Rule to show cause was issued on the same day and thereafter Judge Rowe filed a demurrer to the petition and rule to show cause and Thursby filed return to the rule.

On September 28th the petitioners filed motion to quash the return and for the issuance of writ of prohibition absolute.

On consideration of the motion for writ of prohibition absolute the court unanimously directed that such writ be issued but because of oversight or inadvertence, the writ of prohibition absolute was never issued and the record in the case has been brought to our attention to be disposed of.

It appears that all the issues involved have become moot by reason of the passing of time. Nothing can now be accomplished by the issuance of an order of prohibition absolute, or any other order, as to the rights of the parties and, for this reason, the cause should be now dismissed and it is so ordered.

Dismissed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.