GEORGETTE SPEIER v. HARRY SPEIER

187 So. 764.
Division B.
Opinion Filed April 4, 1939.
Rehearing Denied April 24, 1939.

*James R. Cooper,* for Appellant;

*Tom Norfleet* and *Frank Clark, Jr.,* for Appellee.

CHAPMAN, J.—This cause is here on appeal from a final decree dated August 25, 1937, entered by the Circuit Court of Dade County, Florida, granting a decree *a vinculo matrimonii* and awarding the wife permanent alimony in the sum of $7.00 per week after September 11, 1937, until a further order of the Court. After an appeal was taken from the final decree by the wife, she made application to this Court for an order allowing counsel fees and costs of perfecting the appeal. This Court referred the cause to the Honorable Paul D. Barns, Circuit Judge of Dade County, Florida, for the purpose of hearing evidence and

making findings as to the faculties of the appellee, and to report the same to this Court with recommendations.

On April 26, 1938, the report of the Honorable Paul D. Barns was filed and was to the effect that, after hearing all the evidence offered by the parties, the appellee Harry Speier should pay the total sum of $428.65 necessary for a record of the case in this Court and that the faculties of the defendant Harry Speier would warrant such an allowance. This Court entered an order adopting the recommendations of the Honorable Paul D. Barns, and the record shows that the appellee has paid said amount, except the sum of $150.00 in the form of the balance due as an attorney fee, the payment of which was deferred until the Court should hear the cause on its merits.

The appellee charges the appellant with: (a) adultery; (b) extreme cruelty; (c) habitual indulgence in violent and ungovernable temper. The appellant sought alimony as provided in Section 4989 C. G. L., and likewise charged her husband with adultery. The lower court saw the parties, observed and heard each, as well as the witnesses for the respective parties. The sole question presented for a decision is whether or not from the evidence adduced the findings of fact as made by the Chancellor and expressed in the final decree are correct. The evidence shows friction arose between the parties when the husband became interested in a certain woman named in the pleadings. It was difficult for him to get along with his wife when he fell under the charms and influence of his lady friend. There can be no question whatsoever about his living with his friend in different apartments around Miami while he was the husband of appellant, and the evidence offered by appellant on this point is convincing. The husband offered evidence of the unfaithfulness of his wife near a lumber yard in the City of Miami, when the husband and two

other parties connected by employment in some manner to the appellee, testified to this fact before the lower court. Shortly after this evidence was made known the appellee presented this same evidence to an attorney of Miami and he advised that it was insufficient to sustain the charge of adultery against the wife, and he pointed out the weakness of the evidence to sustain the charge of adultery. Appellee obtained another attorney and filed suit, and the evidence adduced at the trial before the Chancellor shows that it did not have the weakness as pointed out by the first attorney. These defects in the evidence were corrected no doubt before appellee reached the office of counsel representing him in this cause, and counsel no doubt presented fully and forcefully the facts as presented to him by his client and witnesses. The lower court was of the opinion that the appellant was not guilty of adultery and the evidence offered failed to establish it. There is ample evidence to sustain one of the other grounds for divorce and upon this ground the Chancellor dissolved the bonds of matrimony.

It is contended by counsel for appellee that he should not be required to pay permanent alimony as decreed by the lower court. The evidence shows that the appellee was guilty of adultery and that the appellant faithfully labored and her earnings helped to establish the present profitable business of the appellee. The appellant testified that $400.00 of her money which she owned at the time of her marriage, was given by her to her husband and placed in valuable property in the State of New Jersey and that she equitably owns an interest therein. The evidence on this point is insufficient to bring the property within the rule enunciated by this Court in the case of Carlton v. Carlton, 78 Fla. 252, 83 So. 87. The permanent alimony allowed by the lower court to the appellant was based on this evidence and other material testimony bearing on the same

point. We think there is ample testimony in the record to sustain the decree appealed from.

This Court has held by a long line of decisions that the findings of a Chancellor on questions of fact will not be disturbed on appeal unless shown to be clearly erroneous. In the case of Helland v. Evans, 113 Fla. 839, 152 So. 623, this Court said:

"The case presents a question of the sufficiency of the evidence to support the chancellor's finding. A rule which this Court has observed from its earliest history is that a chancellor's finding and conclusion on facts will not be disturbed unless the evidence shows clearly that such finding and conclusions are erroneous. See Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Fuller v. Fuller, 23 Fla. 236, 2 South. Rep. 426; Lewter v. Price, 25 Fla. 574, 6 South. Rep. 439; Bothamly v. Queal, 58 Fla. 396, 50 South. Rep. 415; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501; Theisan v. Whiddon, 60 Fla. 372, 53 South. Rep. 642; Bank of Jasper v. Tuten, 62 Fla. 423, 57 South. Rep. 239; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 South. Rep. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 South. Rep. 169; McGill v. Chappellee, 71 Fla. 479, 71 South. Rep. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Sandlin v. Hunter, 70 Fla. 514, 70 South. Rep. 553; Shad v. Smith, 74 Fla. 324, 76 South. Rep. 897; Edney v. Stinson, 90 Fla. 335, 105 South. Rep. 821.

Where the evidence is conflicting the finding of the chancellor will not be disturbed unless such finding is clearly shown to be erroneous is a mere corollary to the rule announced above, because the chancellor must consider the evidence, weigh its probative value and determine from the spoken words of the witnesses and such documents as are offered in evidence the truth of the given pro-

position under consideration by him. If the finding which he makes from the conflicting statements of witnesses is to be disturbed it must be because the evidence considered in its entirety is clearly irreconcilable with the conclusion reached by him."

The appellee, Harry Speier, is required to pay the sum of $150.00 balance due on attorney fee allowed to the appellant's counsel under a former order of this Court and to do so within thirty days after the going down of the mandate in this cause. The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in the opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.