N. U. BOND v. R. G. KEY, as Administrator *ad litem* for C. W. HEWITT, Deceased, C. W. HEWITT, INC.

192 So. 599
Special Division A
Opinion Filed December 19, 1939

*B. M. Skelton,* for Appellant;

*Carey & Harrison,* for Appellees.

CHAPMAN, J.—The record discloses that during the Spring of 1926 C. W. Hewitt obtained a loan from N. U. Bond in the sum of $125,000 and secured the payment

thereof by a first mortgage on valuable business property located in the City of St. Petersburg, Florida. The land was owned by C. W. Hewitt and the money borrowed was used to build or construct a building thereon commonly known as the Sears-Roebuck building. The property was leased on a ninety-nine year lease but the profits and revenues from the rental thereof were insufficient to pay or retire the interest and the indebtedness and at the same time create a sinking fund out of which the principal of the indebtedness could be paid.

On January 31, 1929, C. W. Hewitt and wife, after a default in the payment of said indebtedness, executed and delivered to N. U. Bond a warranty deed, thereby conveying to him all of the real estate securing the payment of his mortgage. The said N. U. Bond accepted the aforesaid deed in consideration of the amount due him, when a satisfaction of the mortgage was executed and delivered by Bond to Hewitt together with the mortgage and cancelled notes in the sum of $125,000. The deed from Hewitt to Bond contained the provision, viz.: "That said premises are free from all encumbrances and liens of every nature and kind whatsoever, including taxes."

Bond instituted a common-law action against Hewitt on the above covenant appearing in the deed and obtained a judgment in the Circuit Court of Pinellas County, Florida, thereon in the sum of $4,183.25 during the month of November, 1933, when a writ of execution issued thereon and a return *nulla bona* made by the Sheriff of Pinellas County on December 4, 1933.

On May 31, 1935, a bill of complaint was filed in the Circuit Court of Pinellas County, Florida, praying for: (a) discovery; (b) that property and effects belonging to Hewitt appearing in the name of C. W. Hewitt, Inc., may be held subject to the writ of execution, *supra;* (c) informa-

tion as to a mortgage from A. B. Archibald to Hewitt in the approximate sum of $40,000. On June 24, 1935, an answer and counter claim were filed by the defendant C. W. Hewitt, when the lower court, of its own motion, dismissed the counter claim and by an order consolidated the bill of complaint with a supplementary proceeding in aid of execution. The defendant C. W. Hewitt, was called, examined and testified before the trial judge. The lower court, on final hearing found the equities of the cause to be with the defendant below and denied the prayer of the bill of complaint. An appeal has been perfected from said final decree and the case is here for review.

The record shows that during the year 1928 C. W. Hewitt conveyed certain described property to C. W. Hewitt, Inc., a family corporation, and the purpose of the suit at bar was to obtain an order or decree holding void *ab initio* the conveyances so made, upon the theory. that the same were not made in good .faith, but were made for the sole purpose of defrauding the creditors of C. W. Hewitt; and that the conveyances were made by Hewitt to C. W. Hewitt, Inc., without a good and sufficient consideration. C. W. Hewitt's testimony shows that when on the witness stand in the lower court he owned one share of stock in C. W. Hewitt, Inc., and had $25.00 or $30.00 in cash and had an income of approximately $100.00 per month; that he owned his own home in St. Petersburg and rented rooms to tourists during the tourist season. It was the intention of Hewitt, so he testified, to have or own no property at the time of his death. He had a wife and sons engaged in business and he divided the stock in C. W. Hewitt, Inc., among his sons. The deed from Hewitt to Bond was dated January 31, 1929, while the transfer of the stock and the conveyances to the family corporation by Hewitt were dated several months prior thereto.

Counsel for appellant contends that the testimony of the witness C. W. Hewitt shows that he, by appropriate conveyances without consideration or good faith, placed his property in the name of C. W. Hewitt, Inc., so that the same could not be reached by his creditors on execution; that the obligation on which the judgment against Hewitt rests was created and in existence in 1926, and when Hewitt conveyed to the family corporation in 1928, it was for the sole purpose of defrauding his creditors. The appellant is the only creditor of the appellee, as shown by the testimony.

Counsel for appellee contends that the conveyance made by Hewitt in 1928 to the family corporation was in good faith and the same executed and delivered for the sole purpose of avoiding the making of a will, as he did not want any property appearing in his name at the time of his death, and when he executed and delivered to Bond a deed on January 31, 1929, to the Sears-Roebuck property and received back from Bond his notes and mortgage duly cancelled for the sum of $125,000, the same was a closed transaction.

The only testimony offered was that of C. W. Hewitt and the lower court held from all the evidence adduced that Hewitt discharged each and every obligation due by him to Bond when he made him a deed on January 31, 1929, and received from Bond his cancelled notes and mortgage. There is substantial testimony in the record to support the findings of the chancellor as expressed in the final decree. If the lower court, on final hearing, had held that the judgment against Hewitt related back to the original indebtedness in 1926 and the conveyances in 1928 as made by him were void *ab initio* and the property thus conveyed was subject to the writ of execution, evidence could be found in the record to support the decree. This is a border-line case which could have been decided on the testimony by the lower court for

either party and testimony could be found to support either of such findings.

We are without authority under the law to substitute our views or conclusions on the facts for the findings of the Chancellor, in the absence of a showing of an abuse of discretion. See Speier v. Speier, 137 Fla. 331, 187 So. 764; Stigletts v. McDonald, 135 Fla. 385, 186 So. 233; Hatch v. Trabue, 99 Fla. 1169, 128 So. 422; Guerra v. Guiterrez, 66 Fla. 570, 64 So. 232.

The decree appealed from is hereby affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., and BROWN, J., concur in opinion and judgment.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.