**BEATRICE E. BRUNNER v. E. C. BRUNNER**

32 So. (2nd) 736                 June Term, 1947
November 25, 1947                    En Banc

*Thomas H. Anderson,* for appellant.
*C. W. Peters,* for appellee.

CHAPMAN, J.:

On appeal here it is strenuously contended by counsel for appellant that the evidence adduced in the court below is legally insufficient to sustain the·conclusions of the Chancellor to the effect that the appellant (the defendant wife in the court below) was guilty of extreme cruelty. The record certified here consists of several hundred pages of testimony and numerous exhibits and the same has been carefully considered in light of counsel's contention, along with briefs filed and oral argument heard at the bar of this Court. The applicable principle of law is that the findings of facts as made by the Chancellor will not be disturbed on appeal unless such findings are clearly shown to be erroneous. Speir v. Speir, 137 Fla. 331, 187 So. 764, and similar adjudications of this Court. It

is the view of the writer that the evidence adduced in support of the charge of extreme cruelty is rather "skimpy" but it cannot be said, when all the evidence is considered in its entirety, that the findings of fact by the Chancellor as challenged here are clearly erroneous.

Alimony pendente lite in the sum of $60.00 per week was granted to the wife in the court below but this allowance was cancelled by a provision of the final decree dated April 15, 1947, the result thereof being a complete denial of alimony to the wife, although Section 65.08, Fla. Stats. 1941 (FSA), authorizes courts to make suitable provision, in final decrees for suit money and alimony "as from the circumstances of the parties and the nature of the case may be fit, equitable and just; but no alimony shall be granted to an adulterous wife." It is contended that the Chancellor erred in refusing the wife alimony when the divorce decree was entered.

In support of this ruling in the lower court the argument is advanced that the husband (appellee) during the period of cohabitation placed with the wife for safe-keeping several thousand dollars, and at a subsequent date when the husband asked for the money it was not forthcoming, and for this reason the alimony portion of the decree should be affirmed. It is further argued that the parties own property by the entireties and for this reason the alimony provision of the decree for the wife should not be disturbed. It is true that the parties own some property by the entireties, but it does not yield an income sufficient in amount to support either party, while the husband has an income from his profession and the wife is without the means of support.

It is argued that the wife dissipated the husband's money at the race tracks and for this reason she should be denied alimony. We do not understand that these contentions, or either of them, are exceptions to the provisions of Section 65.08, *supra,* which makes it the duty of a husband to pay his wife alimony or otherwise provide for her support and maintenance. It was error on the part of the court below in the final decree not to make provision for the support and maintenance of the wife. The husband is shown to be financially able to pay and the wife's necessity is clearly apparent. Ali-

mony in the sum of $60.00 per week from April 15, 1947, until the further order of the court is hereby granted the appellant.

Counsel for appellant contends that the Chancellor erred in denying to the wife suit money and counsel fees on final hearing, although the record discloses an order for temporary fees in the sum of $300.00, which were paid by the appellee. It is our view that counsel fees should have been allowed counsel for appellant for services rendered in this controversy and the amount of such fee is fixed at the sum of $900.00, exclusive of the sum of $300.00 previously paid by appellee to counsel for appellant.

Application for counsel fees for services rendered in this Court by a previous order was deferred until final hearing and after consideration thereof by this Court, it is our conclusion that fees in the sum of $500.00 should be and are hereby allowed counsel for services rendered in this Court. The decree appealed from is modified as above set forth and stands affirmed as modified. The costs of this appeal are taxed against the appellee.

It is so ordered.

TERRELL, BUFORD and SEBRING, JJ., concur.

ADAMS and BARNS, JJ., concur specially.

THOMAS, C. J., dissents.

BARNS, J., concurring specially:

It has not been made to appear by the record nor by any conclusions stated in the opinion of Mr. Justice CHAPMAN that alimony should be exacted of the husband. I concur in such opinion only to the extent that it affirms the Chancellor.

ADAMS, J., concurs.

THOMAS, C. J., dissenting:

I dissent because I think the testimony fails to establish the guilt of the appellant of the grounds charged.