## BEATRICE E. BRUNNER v. E. C. BRUNNER

36 So. (2nd) 827                                    June Term, 1948
September 28, 1948                                         En Banc

*Thomas H. Anderson,* for petitioner.

*Jackson L. Peters,* for respondent.

PER CURIAM:

It is true that the master made a finding that the appellant had in his possession Government Bonds in the sum of $2500.00 and it was stated by the master that they "would be considered as owned by the parties as an estate by the entireties."

One of the several exceptions of the plaintiff-appellant-husband respecting the masters report was:

"Said conclusions should be that the charge of adultery is sufficiently proven and sustained by competent proofs offered. Said $2,500.00 in bonds in possession of plaintiff, having been purchased with the money of plaintiff, is his separate property and should be retained by him as an offset pro tanto of government bonds and cash squandered by defendant."

The Chancellor by his final decree recited that

"(4) The report of the Special Master in Chancery, John C. Gramling, is accepted, approved, ratified and confirmed, except as to the portion of the same which is overruled in this decree"—and did thereupon "decree" among other things that

"(2) the report of the special master in Chancery, John C. Gramling, is accepted, approved, ratified and confirmed, except as the same is overruled and departed from herein."

It appears from such decree that the Chancellor made no order and intended to make none, disturbing Dr. Brunner's possession of the $2500.00 in U. S. Bonds. He had them when the suit started and the Chancellor did nothing to interfere with his possession of what he claimed his money paid for. To change his legal status in respect thereto a specific decree was essential. The decree being silent on the point, the master's report with respect to the disposition to be made of the bonds was "overruled and departed from" in the decree.

The Chancellor's final decree was appealed by the wife and was affirmed except as to an enlargement of alimony. See Brunner v. Brunner 159 Fla. 762, 32 So. (2nd) 736. This act of enlargement of alimony was not made conclusive for all time but prompted by equitable consideration of the transitional shift in the affairs of her life then transpiring by reason of the divorce decree.

The petition for rehearing is denied.

TERRELL, CHAPMAN, ADAMS, BARNS, SEBRING and HOBSON, JJ. concur.

THOMAS, C. J., dissents.