70 So.2d 301 (1954)
STATE ex rel. HENDRICKS
v.
HUNT, Judge, et al.
Supreme Court of Florida, Division A.
January 22, 1954.
Rehearing Denied February 26, 1954.
*302 F.G. Janes and Ray Sandstrom, Lakeland, for relator.
S.L. Holland, Jr., Bartow, for respondent.
SEBRING, Justice.
This is a prohibition proceeding wherein the relator seeks to prohibit the respondent, as Judge of the Juvenile and Domestic Relations Court of Polk County, Florida, from acting in respect to minor children involved in a divorce proceeding now pending in the Circuit Court for Polk County, Florida. As a basis for the relief sought the suggestion for the writ of prohibition alleges in substance, that on September 18, 1951, the Circuit Court for Polk County took jurisdiction of a divorce action wherein the relator, Geraldine Moore Hendricks, was plaintiff and John Manuel Hendricks was defendant. On said date the circuit court entered a decree in the cause awarding the custody of the minor children of the parties to the plaintiff "so long as said plaintiff conducts herself on a proper moral plane and gives, or in the event of her acceptance of employment, procures care and competent supervision for the said minor children;" and retained jurisdiction of the suit "for the purpose of making such other and further orders with regards to the custody and support of said children as will be adequate to guard and protect their interests and welfare." Notwithstanding the fact that said circuit court took, exercised and retained jurisdiction of the matter of the support of the minor children so as adequately to guard and protect their interests and welfare, the respondent judge, on October 21, 1952, did attempt to exercise jurisdiction of the matter by the entry of an order, in his said court, which recited:
"This matter coming on to be heard upon the petition filed herein, and all persons entitled to notice thereof having been duly notified, upon the evidence this Court finds that Barbara Jean Hendricks and Marilyn Hendricks are dependent children within the jurisdiction of this Court, found or living or domiciled in Polk County, Florida, of the ages of 11 and 6 years, respectively, by reason of the following facts:
*303 "1. The home life of the children has been unstable.
"2. All factors involving and concerned with the welfare of said children have been clearly presented to the Court.
"3. The future welfare of these children may depend on concessions and adjustment of the parents  to be determined at a future date.
"And it appearing to the Court that if there has been misconduct of the children's mother, resulting in the neglect of her two children, one Mrs. Ardella Lee has been a contributing factor,
"Therefore, it is hereby ordered that Mrs. Hendricks nor Mr. Hendricks are to see, visit, write, telephone, communicate with, or otherwise contact Mrs. Ardella Lee, either directly or indirectly, or make any effort to do so by these or any other methods.
"It is further ordered for the welfare of these children that Mrs. Ardella Lee is to stay away from Mr. and Mrs. Hendricks, their respective homes, and their children, and is directed by this Court not to see, write, visit, communicate with, or otherwise contact, either directly or indirectly, or make any effort to do so by these or any other methods, Mr. or Mrs. Hendricks, or their children.
"It is further ordered that this Court shall take custody and retain jurisdiction of these children and this case for the purpose of making such other and further Orders as may from time to time be necessary, but the said children shall remain, for the time being, in the physical care of the mother, Mrs. Geraldine Hendricks."
The suggestion in prohibition further alleges that after the entry of said order the said judge adjudged the relator, Geraldine Moore Hendricks, in contempt of court and sentenced her to confinement in the Polk County Jail for a period of 30 days; that while she was so confined the respondent judge entered an order adjudging the minor children of the parties to be dependent children and awarded the custody of said children to a Mr. and Mrs. J.P. Register.
The suggestion in prohibition finally alleges that the respondent judge had no jurisdiction or power to enter the said orders, because the circuit court that first had jurisdiction of the parties had not divested itself of jurisdiction by the entry of an appropriate order transferring the said cause or the jurisdiction thereof, to the Juvenile and Domestic Relations Court of Polk County, and that consequently all orders entered or to be entered by said respondent were, or would be entirely without jurisdiction.
The respondent moved to dismiss the suggestion for the writ of prohibition on the grounds (1) that the Circuit Court of Polk County and not the Supreme Court of Florida was the proper forum for the prohibition proceeding; (2) that the relator had a complete and adequate remedy by appeal to the circuit court from any order of the juvenile court; (3) that prior to the institution of the instant proceeding in prohibition the circuit court transferred jurisdiction of the minor children to the juvenile court, as shown by certain orders of the circuit court attached to said motion.
The first order referred to in, and attached to, the motion to dismiss the suggestion in prohibition was rendered by the Judge of the Circuit Court for Polk County on August 7, 1952, and reads:
"Whereas, these records were ordered sealed by this Court, and
"Whereas, the welfare of the minor children involved has come to the attention of the Polk County Juvenile and Domestic Relations Court, and
"Whereas, it appears the same witnesses are to be used in any action in this matter in the said Juvenile and Domestic Relations Court,
"Now, therefore, the Clerk of the Circuit Court in and for Polk County, Florida, is hereby directed to release these sealed records to the Juvenile and Domestic Relations *304 Court for official use only, after which they are to be returned to the Clerk of the Circuit Court and again sealed as previously ordered."
The second order referred to in the motion was rendered by the Judge of the Circuit Court for Polk County on August 5, 1953, on a petition filed by the defendant in the divorce proceedings to modify the final decree, and reads:
"The petition of John Manuel Hendricks coming on to be heard, and the Court finding that no notice of this proceeding is necessary; that plaintiff, Geraldine Moore Hendricks, is now in the County Jail of Polk County, and the children of the parties are in custody of the juvenile home of Polk County, and it further appearing that said plaintiff made it impossible for petitioner to make his regular payment of support for their children, but that three payments of $20.00 each were made to and are held by the Polk County Juvenile and Domestic Relations Court, as evidenced by receipts Nos. 1089, 1100 and 1108, and the Court being advised, it is, Decreed, until further order of this Court:
"1. That petitioner, John Manuel Hendricks, is hereby authorized to withdraw said total sum of $60.00 from the Polk County Juvenile and Domestic Relations Court;
"2. That said John Manuel Hendricks shall make future payments of support to said Polk County Juvenile and Domestic Relations Court for maintenance of said children from and after the date of their arrival at the Juvenile Home of Polk County."
While the orders attached to the motion to dismiss the suggestion should more properly have been made a part of return filed by the respondent in response to the suggestion, and not incorporated in the motion to dismiss, we do not understand that the relator denies the correctness of these orders. Consequently, we shall in this case (without approving the practice for future proceedings) treat the orders as having a proper place in the motion, and decide the issues accordingly.
When the motion is so considered, the question is whether the record, on its face, shows that the court over which the respondent judge presides is without jurisdiction to make future orders concerning the custody, control, or welfare of the minor children involved.
The Juvenile and Domestic Relations Court for Polk County was created and established by Chapter 27318, Laws of Florida, Acts of 1951. No attack has been made upon the constitutionality of the act and consequently it will be presumed to be valid for the purposes of this proceeding. The jurisdiction and powers of the court are set out and defined in section 2 of the act as follows:
"The Juvenile and Domestic Relations Court shall have exclusive, original jurisdiction to hear, determine, and adjudicate, all complaints affecting children * * * who may be dependents, as defined in Chapter 415, Laws of Florida, * * *."
"In cases involving minor children, where the Court having jurisdiction so directs, orders involving the support of said children may be transferred to the Juvenile and Domestic Relations Court for execution * * *. In the event such orders are violated * * * the case shall be certified to the Court in which the original order was entered * * *." (Emphasis supplied.)
It should be noted in dealing with this act that although section 2 thereof confers jurisdiction upon the court established thereby to deal with dependent children "as defined in Chapter 415, Laws of Florida," section 3, Chapter 26880, Laws of Florida, Acts of 1951, F.S.A. § 39.01 note, specifically repealed that section of Chapter 415, namely section 415.01(1), Florida Statutes 1949, that defined the term "dependent children." Under these circumstances we have the view that in making an adjudication of dependency under that portion of *305 Chapter 27318 that confers upon the respondent the jurisdiction "to hear, determine, and adjudicate, all complaints affecting children * * * who may be dependents * * *", resort may be had to section 39.01(10), Florida Statutes 1951, F.S.A., which has to do with the establishment of juvenile courts generally, to determine what constitutes a "dependent child."
When so viewed it is plain that the purpose of Chapter 27318 is to confer upon the Juvenile and Domestic Relations Court for Polk County the jurisdiction (1) to act as an enforcement agency in the execution of orders involving support of minor children, where the circuit court having jurisdiction of the minor children so directs; and (2) "to hear, determine, and adjudicate, all complaints affecting children * * * who may be dependents"  a dependent child being, as defined by section 39.01(10), Florida Statutes 1951, F.S.A., "* * * a child who, for any reason, is destitute, homeless, dependent upon the public for support, or has not the proper parental support, maintenance, care, or guardianship; or who is neglected as to proper or necessary support or education as required by law, or as to medical, psychiatric, psychological or other care necessary for the well-being of the child; or who is abandoned by the child's parent or other custodian; or whose condition or environment are such as to injure or endanger the welfare of the child or the welfare of others; or whose home, by reason of neglect, cruelty or depravity, or other adverse condition, on the part of the parents, legal custodians, guardian or other person in whose care the child may be, is an unfit place for the child."
As appears from the record in this proceeding, the respondent judge exercised the jurisdiction conferred by the statute "to hear, determine, and adjudicate, all complaints affecting children * * * who may be dependents," and entered an adjudication that the children of the parties were dependent children within the meaning of the law. Based upon this adjudication the respondent judge entered an order placing the children with a Mr. and Mrs. J.P. Register as wards of the state. Some contention is made by the relator that because in the divorce proceeding between Geraldine Moore Hendricks and her husband, John Manuel Hendricks, the Circuit Court for Polk County had made an order in regard to the custody of the children and had retained jurisdiction to make further orders touching their welfare, the respondent juvenile court judge thereby became stripped of jurisdiction to entertain any proceeding respecting the issue as to whether at a time subsequent to the entry of the order by the circuit court the children had become dependent within the purview of the statutes governing dependency and delinquency. This contention is not tenable. For if the power of the respondent judge to act in cases of juvenile dependency is derived from the fact that the juvenile court involved is granted "exclusive, original jurisdiction" to deal with dependent minors, as the controlling statute provides, the effect of the order rendered by the respondent judge was to extinguish the power of the Circuit Court for Polk County to make further orders with reference to the custody of the children  at least until the respondent judge entered some appropriate order relinquishing jurisdiction for that purpose. See anno. 11 A.L.R. 147, 78 A.L.R. 317, 146 A.L.R. 1154, 1171. On the other hand, if it can be assumed that under the circumstances shown by the record the Circuit Court for Polk County and the juvenile court had concurrent jurisdiction of the minor children, the fact that the circuit court acted first in the matter of their custody did not deprive the juvenile court of jurisdiction to act in respect to the issue of dependency and to rule accordingly. This is so for the reason that while, in general, a tribunal first exercising jurisdiction over a cause will ordinarily retain it exclusively for the purpose of deciding every issue or question properly arising in the case, there is nothing to prevent a court of concurrent jurisdiction from acting on the same subject matter at the same time, if the parties involved fail, by timely motion, to seek and procure a stay of proceedings in the subsequent action. Compare *306 Wade v. Clower, 94 Fla. 817, 114 So. 548. The record is entirely devoid of any suggestion that the relator in this proceeding has ever sought such a stay from the respondent judge, or that, if a motion for stay was filed and denied, the order of denial is not still outstanding.
Therefore, whatever the correct decision as to whether jurisdiction exercised by the juvenile court is "exclusive and original," or is merely "concurrent" because of the pendency of the order made by the circuit court in the divorce proceeding  a matter that may not be decided at this time because the issue is not properly within the scope of this proceeding  it is clear that in entering an adjudication that the children were dependent children within the purview of the applicable dependent and delinquent statutes, the respondent judge was acting in pursuance of a jurisdiction reposed in him by the statute.
While it might be argued that this order of dependency was not supported by the evidence, this is not the proceeding in which to decide that issue; it being settled that the sufficiency of the evidence to support any particular order made by the respondent judge in the exercise of the jurisdiction conferred by the statute is not a matter that may be determined in a prohibition proceeding but can be decided only by an appeal from the order. State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313; Jacques v. Blanton, 133 Fla. 479, 182 So. 778.
The question raised in the petition as to the judge's power to impose a contempt penalty upon the relator is also not before us, because it has been made to appear at the bar of this Court that this question has become moot. See Wetherell v. Thursby, 100 Fla. 108, 129 So. 345. But even if it were not moot by reason of the fact that the sentence has already been served, it is settled that prohibition is not the proper remedy to correct alleged past abuses but only "to forestall an impending, present injury." Joughin v. Parks, 107 Fla. 833, 143 So. 145, 147 So. 273, 274; State ex rel. Jennings v. Frederick, 137 Fla. 773, 189 So. 1.
Upon the facts before us we hold that the petitioner has failed to make it appear that the respondent judge is about to exercise jurisdiction over matters not within its cognizance, or is about to exceed its jurisdiction in respect to matters of which it has cognizance. See State ex rel. Burr v. Whitney, 66 Fla. 24, 63 So. 299; State ex rel. Cacciatore v. Drumright, 116 Fla. 496, 156 So. 721, 97 A.L.R. 154; State ex rel. Schwarz v. Heffernan, supra.
Having reached this conclusion, it follows that the pending proceeding should be dismissed at the cost of the relator.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.