SEBRING, Justice.
This is a certiorari proceeding to review an order for contempt wherein the court below required the petitioner to post a bond for the future payment of alimony, support and maintenance.
The parties to this cause were divorced from each other in the Circuit Court for Dade County, Florida. The divorce decree ratified, approved and confirmed a separation agreement between the parties wherein *811 the husband, who was the plaintiff in the suit, agreed to pay to the wife a stipulated weekly sum for alimony, support and maintenance. The husband became in arrears in the payment of alimony and as a consequence was adjudged in contempt of court. For the contempt the trial court sentenced the husband to sixty days imprisonment in the county jail, but accorded him the privilege of purging himself of the contempt by paying to the wife the amount of the ar-rearage. In addition to committing the husband to jail for failure to meet the alimony payments, the contempt order contained a provision requiring the husband “to enter into and file with the clerk of this court, within twenty days, a good and sufficient bond in the penal sum of $5,000, with good and sufficient surety or sureties to be approved by such clerk, conditioned that the [husband] will comply in the future with the financial requirement of the * * * final decree.”
On the same day the order was entered the petitioner, through his attorney, paid the amount of past due alimony to the attorney for the wife and thereupon the trial court entered an order releasing him from custody. Thereafter the petitioner instituted this present certiorari proceeding to review the order under which he was sentenced and which required him to post a bond conditioned to pay future installments of alimony.
There can be no doubt that that portion of the order adjudging the petitioner in contempt of court and sentencing him to jail is not now open to review. Although the order sentenced the petitioner to jail for failure to pay past due alimony it accorded him the privilege of purging himself of his contempt by the payment of alimony then in arrears. The petitioner voluntarily made the payment required by the order and was thereupon released from custody. Consequently, any question as to whether or not the imprisonment order was valid in the first instance has now become moot and may not be reviewed. State ex rel. Hendricks v. Hunt, Fla., 70 So.2d 301; Wetherell v. Thursby, 100 Fla. 108, 129 So. 345; DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258.
While it is true that the petitioner may again be held in contempt if he fails to comply with that portion of the order requiring him to post bond to guarantee future payments of alimony, such a contempt order, if it is entered, will be upon a new, separate and distinct contémpt from the one under which the petitioner was sentenced to jail in the first instance. Therefore, the only question before us is whether on the pleadings and proof before the trial court it had authority to enter the order ' requiring the posting of . bond for the payment of future alimony.
The power to require security, such as a bond, conditioned on the payment of alimony or support money, is, in most states, the subject of specific statutory treatment. Schouler, Domestic Relations, 6th ed., Vol. 2, Sec. 1859; Nelson on Divorce, 2d ed., Vol. 2, Sec. 16.54; Ring v. Ring, 185 Va. 269, 38 S.E.2d 471, 165 A.L.R. 1237. And it is stated as a general rule that an order requiring a- bond may be entered, upon a proper showing, subsequent to a final decree of divorce which merely provides for money payments without any security requirement. 27 C.J.S., Divorce, § 274, p. 1082. However, in those few instances where consideration has been given to the nature of an order requiring bond subsequent to final decree, the order appears to have been regarded as a modification of the decree, an enlargement of its terms,permissible under statutory power. In the case of Wallace v. Wallace, 92 Mont. 489, 15 P.2d 915, 918, a proceeding instituted specifically for the purpose of modifying the terms of a divorce decree as to alimony, the court held that statutory power to require security in aid of alimony provisions of a divorce decree might also be exercised in a subsequent modification proceeding, so as to impose additional coercion upon an uncooperative husband. Upon a full record containing evidence that the husband’s estate was being dissipated and that he was about to remove from the jurisdiction, the court concluded that there *812 had been "a sufficient showing of change in conditions, due to the willful fault of the husband, since the original decree,” so as to warrant a modification of the decree in respect to security. See also Burnside v. Wand, 77 Mo.App. 382; Wright v. Wright, 74 Wis. 439, 43 N.W. 145; Hauck v. Hauck, 198 Mo.App. 381, 200 S.W. 679; Slade v. Slade, 106 Mass. 499.
Under our statutes it is provided that in a divorce proceeding the court having jurisdiction of the parties and the cause may require the husband to give security for the payment of alimony to the wife. Section 65.08, Florida Statutes 1951, F.S.A. And while the statute that confers the power may seem, at first reading, to allow the entry of such an order only where the original action for divorce has been instituted by the wife, our decisions make it clear that that section is not so limited in scope and that its provisions may be invoked upon request or petition by the wife witfc out regard to whether she is plaintiff or defendant in the divorce proceeding, whenever it is apparent from the facts of the case that there should be a lawful award of alimony, support money or maintainence, or other relief under its provisions. Cowan v. Cowan, 147 Fla. 473, 2 So.2d 869, overruling Phinney v. Phinney, 77 Fla. 850, 82 So. 357; Brunner v. Brunner, 159 Fla. 762, 32 So.2d 736.
There would seem to be no question that where subsequent to the entry of a decree providing for the payment of alimony the wife is required to institute a proceeding to enforce payment thereof, the provisions of section 65.08, supra, would be applicable, because the later proceedings would be, in their nature, a continuation of the original proceeding. Thompson v. Thompson, 142 Fla. 643, 195 So. 571. And we can think of no sound reason why, in such a proceeding, it would not be entirely proper, upon sufficient allegations and proofs-, for the trial court to enlarge the original decree by imposing the requirement ’of security for the payment of future installments. See in this connection, section 65.15, Florida Statutes 1951, F.S.A., which makes provision for the diminution or enlargement of alimony payments made pursuant to an agreement of the parties where “the circumstances of the parties * * * have been changed since the * * * rendition of [the] decree * * Where a husband is in wilful default in the payment of alimony and there is good cause to believe that he. will wilfully attempt to avoid or evade his legal obligation in the future, the wife should not be required to be put to the expense and inconvenience of raising the issue by a separate petition in a separate proceeding.
The final decree of divorce in the case at bar, confirming the separation agreement that had been voluntarily executed by the parties, provided for weekly alimony payments to the wife but contained no requirement that the husband furnish a bond to secure the payments. On its face the decree appeared to be final in terms without any express reservation of the right to enter further orders touching the question of alimony. However, there was doubtless ample authority, under the terms of section 65.15, Florida Statutes 1951, F.S.A., for the entry of a modification order upon a sufficient showing that “the circumstances of the parties * * * have been changed since the * * * rendition of [the] de-, cree * *
The petition by which this contempt proceeding was instituted by the divorced wife dealt solely with the accrued sum in arrears and contained no reference to future installments of alimony or any request that security be required for their payment. While in the challenged contempt order there is some intimation that the defaulting husband has been guilty of numerous prior defaults, the order contains no specific finding on this point; and the record before us is not only entirely devoid of any evidence of prior wilful defaults, but also of any evidence that would tend to establish the development on the part of the husband of an attitude of wilful uncoope'rativeness which might constitute a “change of circumstances” warranting modification of the final decree by the imposition of an ad *813 ditional requirement insuring the payment of alimony. Therefore, upon the record before us, we can only conclude that the imposition of the security requirement was intended as a penal measure, entered in a summary proceeding without a sufficient predicate in pleading or proof, and consequently was not a proper modification of the final decree under the terms of.the applicable statutes.
Having reached this conclusion we hold that the order brought here for review must be quashed, so far as it requires the giving of bond or other security for future alimony payments, but without prejudice to the right of the respondent to proceed in the court below as she may be advised.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ-» concur.