380 So.2d 1336 (1980)
H.C. KIRK et Ux., Appellants,
v.
Howard Jay EDINGER et Ux., et al., Appellees.
No. 78-1990/T4-205.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
*1337 L. Alexander Vance, Jr., and Gilbert S. Goshorn, Jr., of Goshorn & Miller, P.A., Titusville, for appellants.
Joe Teague Caruso of Wolfe, Kirschenbaum, Caruso & Mosley, P.A., Cocoa Beach, for appellees.
ORFINGER, Judge.
This was an action filed by appellant to set aside an alleged fraudulent conveyance of real property. The appeal is from a final judgment for defendants.
On April 18, 1977, appellants Kirk recovered a judgment against appellees Howard Jay Edinger and Rosalyn Edinger, his wife. They alleged that at the time that suit was instituted, the Edingers owned a certain parcel of real estate in Brevard County, and that they conveyed that property to appellee Mabel Fein Leibman on February 18, 1977, approximately two months before that final judgment was entered. They further alleged that appellee Leibman was Mrs. Edinger's mother, that the conveyance was made for the specific purpose of defrauding the Kirks as judgment creditors and that it was not a bona fide purchase for value. Appellants asked that the conveyance be set aside and that the property be made subject to the lien of their judgment. After an answer was filed denying the allegations, the cause came on for non-jury trial before the court.
Appellants contend that the conveyance, under the circumstances found here, is patently a violation of Section 726.01, Florida Statutes (1975) and that the evidence clearly shows the presence of most, if not all of the "badges of fraud". 15 Fla.Jur. Fraudulent Conveyances § 12 (1964). Undoubtedly, there was evidence before the trial court to sustain that position, but there was also evidence presented upon which the trial court could conclude that there was consideration for the conveyance, that the grantee had no knowledge of the pending lawsuit and that the purpose of the conveyance was not to defraud a creditor (there had been no judgment entered yet) but to satisfy an antecedent debt in approximately the same amount as the equity in the property.
Not every conveyance of property by one against whom a suit is pending can be deemed fraudulent. Whether fraud is present in a particular transaction is to be determined by the particular facts surrounding the conveyance. Stelle v. Dennis, 104 Fla. 384, 140 So. 194 (1932); McCrary v. Bobenhausen, 366 So.2d 77 (Fla. 1st DCA 1979). We must also consider that the findings of the trial judge come to us with a presumption of correctness and will not be disturbed absent a showing that there was no competent evidence to sustain them. Turner v. Lorber, 360 So.2d 101 (Fla. 3d DCA 1978). This is a close case, controlled by the factual circumstances surrounding the conveyance, and on the evidence presented could have been decided either way. The trial judge heard the evidence and observed the witnesses and we are without authority to substitute our conclusions for those of the trier of the facts. Bond v. Key, 141 Fla. 160, 192 So. 599 (1939).
We would be remiss if we did not point out that our review of this record was made more difficult by the fact that the final judgment herein contains no findings of fact by the trial judge. We conclude from the judgment that he resolved the conflicts in the evidence in favor of the defendants, so we affirm the judgment. *1338 But we must point out, as was done by our sister court in Turner v. Lorber, supra, that a trial judge should state his findings in a manner which reveals his consideration of each issue necessary to a resolution of the cause. This facilitates appellate review, and avoids our having to guess at the trial judge's findings. The trial judge can dispel any doubts as to his findings and conclusions by stating them in the final judgment, and thus avoid the possibility that we will misconceive what he meant.
AFFIRMED.
SHARP, J., concurs.
CROSS, J., concurs only in conclusion.