In re Traude Marie HYTHA, Debtor.

Herbert S. FREEHLING, Trustee, Plaintiff,

v.

AABBEY GALLERIES, INC., a Florida corporation, Defendant.

Bankruptcy No. 83–01325–BKC–SMW. Adv. No. 84–0069–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

May 3, 1984.

Herbert Freehling, Chicago, Ill., Trustee.

William Stalions, Fort Lauderdale, Fla., for plaintiffs.

Samuel Heller, Arnie B. Carlson, Fort Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause having come before the Court upon a Complaint To Recover Fraudulent And Preferential Transfers and the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

On April 18, 1983, the debtor delivered certain pieces of jewelry to the defendant in exchange for $1,500.00, and a document which enumerated the items of jewelry tendered to the defendant and various terms of the transaction (see plaintiff's exhibit number 2). The only document which memorialized the transaction between the parties clearly bears the handwritten designation "Buy Back" on its face. Additionally, two payments in the amount of $225.00 were tendered to the defendant, which the defendant claims were made as consideration for two consecutive one-month options to re-purchase the jewelry.

The debtor subsequently filed a petition of bankruptcy on July 18, 1983, and a trustee was appointed. The trustee now brings a three-count complaint which seeks to recover a fraudulent conveyance of the debtor's property pursuant to Bankruptcy Code Section 548, a fraudulent conveyance of the debtor's property pursuant to Fla.Stat. § 726.01 as made applicable by Bankruptcy Code Section 544(b) and a preferential transfer of the debtor's property pursuant to Bankruptcy Code Section 547.

The trustee asserts that the transaction between the debtor and the defendant, which occurred on April 18, 1983, and which involved certain pieces of jewelry, was in the nature of a pawn arrangement and was not a "buy back" agreement as asserted by the defendant. The trustee further contends that, since the transaction was allegedly a pawn arrangement instead of a buy back agreement, the jewelry is still the property of the debtor and that the defendant holds no more than a possessory security interest in the jewelry. The trustee additionally argues that the debtor received less than a reasonably equivalent value in exchange for said transfer in violation of Bankruptcy Code Section 548.

■ Based upon the Court's consideration of the aforementioned document tendered between the debtor and the defendant and the evidence and testimony presented and resolving all conflicts in connection therewith, the Court finds that the transaction between the parties was a "buy back" agreement in which the debtor sold her jewelry to the defendant with an option to repurchase the property from the defendants at a later date. The Court further finds, based upon the conflicting appraisals and testimony concerning the value of the jewelry and the testimony in connection with the intent of the debtor, that the debtor's jewelry was not transferred with an actual intent to hinder, delay, or defraud creditors of the debtor nor did the debtor receive less than a reasonably equivalent value in exchange for such transfer.

Relief is denied under Count I of the Complaint.

Count II of the Complaint seeks to recover an alleged fraudulent conveyance of the debtor's property pursuant to Bankruptcy Code Section 544(b) and Fla.Stat. § 726.01.

■ Fla.Stat. § 726.01 provides in pertinent part:

Every feoffment, gift, grant, alienation, bargain, sale, conveyance, transfer and assignment of lands, tenements, hereditaments, and of goods and chattels, or any of them ... which shall at any time hereafter be had, made or executed, continued or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder, or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties or forfeitures, shall be from henceforth as against the person or persons, or bodies politic or corporate, his her or their successors, executors, administrators and assigns, and every one of them so intended to be delayed, hindered or defrauded, deemed, held, adjudged and taken to be utterly void, frustrate and of none effect....

This statute condemns fraudulent conveyances in which the owner of property seeks to place his property beyond the reach of creditors, or which operate to the prejudice of his creditor's legal or equitable rights. Whether a transfer is made to the end, purpose or intent to delay, hinder, or defraud a creditor must be determined by the facts and circumstances of each particular case. *Kirk v. Edinger*, 380 So.2d 1336 (Fla. 5th DCA 1980).

The Court has previously found in resolving the issues presented in Count I that the transfer was not made with an intent to hinder, delay or defraud creditors nor did the debtor receive less than a reasonably equivalent value in exchange for such transfer.

■ Based upon the foregoing reasoning, the Court finds that the transfer is not a fraudulent conveyance pursuant to Fla. Stat. § 726.01 as made applicable by Bankruptcy Code Section 544(b).

Relief is denied under Count II of the Complaint.

Count III of the Complaint seeks to recover an alleged preferential transfer of the debtor's property pursuant to Bankruptcy Code Section 547. The plaintiff argues that the two payments of $225.00 were preferential transfers.

Bankruptcy Code Section 547 provides in pertinent part that:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(c) The trustee may not avoid under this section a transfer

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange....

Assuming without deciding that the plaintiff can prove subsections (1), (3), (4) and (5) of Bankruptcy Code Section 547(b), he must then prove that the payments were "(2) for or on account of an antecedent debt owed by the debtor before such transfer was made" and that the payment was not a "contemporaneous exchange for new value given to the debtor" as contemplated by Code Section 547(c).

■ Based upon the evidence presented and resolving all conflicts in connection therewith, the Court finds that the two payments made by the debtor to the defendant were not "for or on account of an antecedent debt owed by the debtor before such transfer was made," rather, they were consecutive bilateral agreements in which the debtor tendered a certain sum of money in exchange for an option to repurchase the jewelry. Therefore, these payments were part of a "contemporaneous exchange for new value given to the debtor" and are not preferential transfers.

Accordingly, relief is denied under Count III of the Complaint.

A separate Final Judgment will be entered in accordance with these findings of fact and conclusions of law.