731 So.2d 733 (1999)
Howard P. BURKHART, Appellant,
v.
Sandra H. BURKHART, Appellee.
No. 98-2209.
District Court of Appeal of Florida, First District.
March 30, 1999.
Rehearing Denied May 6, 1999.
*734 Dee D. Reiter of Roberts & Reiter, P.A., Jacksonville, and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellant.
Joy A. Lordahl, Jacksonville, for Appellee.
ALLEN, J.
The appellant challenges an order by which a final judgment of dissolution of marriage was modified and a declaratory judgment was entered. We affirm in part and reverse in part.
The final judgment of dissolution entered in 1987 required the appellant to pay permanent alimony, but did not require the appellant to secure the alimony obligation with a policy of insurance. The final judgment also provided for the former marital home to be held by the parties as tenants in common and gave exclusive use and possession of the former marital home to the appellee for so long as she was unmarried and living in the home with one of the minor children. When the appellee married or no longer cared for a minor child, the home was to be sold and the net proceeds split equally between the parties.
In 1997 the appellee filed a petition to modify the final judgment of dissolution and for a declaratory judgment. She sought an increase in alimony, life insurance on the life of the appellant to secure the alimony award, a declaratory judgment that she was entitled to credits for mortgage and other payments she made on the former marital home while she was in exclusive possession, and attorney's fees.
Following a hearing, the trial judge entered the order under review. The judge awarded the appellee an increase in alimony retroactive to the date of filing of the petition, required the appellant to secure that obligation with life insurance, awarded the appellee one-half of mortgage and other payments she had made on the former marital home while she was in exclusive possession, and awarded the appellee attorney's fees.
We find no abuse of discretion in the award of an increase in alimony. The trial judge related in detail how she calculated the appellant's income and the appellee's needs. Her findings are supported by competent substantial evidence in the record, and we decline to disturb them on appeal. And we find no abuse of discretion in the judge's making the award retroactive to the date of the petition for modification. Because the record supports a finding that the former wife had the need and the former husband had the continuous ability to pay, it was within the trial judge's discretion to award the alimony retroactively. Kirkland v. Kirkland, 618 So.2d 295, 296 (Fla. 1st DCA 1993), disapproved on other grounds by Boyett v. Boyett, 703 So.2d 451 (Fla.1997).
The trial judge did err, however, in ordering for the first time in 1997 that the *735 appellant must maintain life insurance to secure the payment of permanent alimony. Although section 61.14, Florida Statutes, gives circuit judges authority to revisit alimony, the plain language of the statute does not support the appellee's position that the statute gave the judge authority to order insurance for the first time. Section 61.14 provides that "the court has jurisdiction to make orders ... decreasing, increasing or confirming the amount of separate support, maintenance or alimony provided for in the agreement or order." (Emphasis supplied.) The statute says nothing about jurisdiction to entertain other issues that might bear upon alimony. We therefore conclude that the trial judge in the present case did not have authority to require the insurance coverage.
We conclude that the trial judge also erred in awarding the appellee credits for mortgage and other payments she made on the former marital home while she was in exclusive possession. The final judgment of dissolution specifically provided that "the wife shall be responsible for and pay the mortgage payments, taxes and home improvement loan owing on said home. The wife shall indemnify and hold husband harmless from all liability therefrom." We construe this language as evincing the specific intent that the appellee must bear the burden of making those payments without an adjustment or credit upon the sale of the property. See Kelly v. Kelly, 583 So.2d 667 n. * (Fla.1991).
Finally, because the record does not support a finding that the appellee is unable to pay her own fees or that the appellant is in a better position to pay her attorney's fees than is she, we conclude that the award of attorney's fees to the appellee constitutes an abuse of discretion. See, e.g., Cummings v. Cummings, 330 So.2d 134 (Fla.1976); Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994); Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1309 (Fla.1991).
Accordingly, we reverse those portions of the order under review by which (1) the appellant was ordered to maintain life insurance to secure the alimony award, (2) the appellee was awarded credits for mortgage installments and other payments she made on the marital home, and (3) the appellee was awarded attorney's fees. The order is affirmed in all other respects.
WEBSTER and VAN NORTWICK, JJ., CONCUR.