ALTENBERND, Judge.
The former wife, Angelika Dziuba, appeals an order granting in part and denying in part her petition to modify a final judgment of dissolution of marriage from the former husband, Detlef Dziuba. The former husband cross-appeals the same order. The former husband also appeals a separate order denying his motion for attorney’s fees. We have consolidated these appeals for the purpose of this opinion. We affirm both orders.
Concerning the former wife’s appeal, we affirm without further discussion the trial court’s determination that the final judgment precluded it from “distributing” or “partitioning” to the former wife an interest in certain assets. Concerning the former husband’s appeal of the order modifying the final judgment, we hold that section 61.14, Florida Statutes (1999), allows a trial court to modify an alimony award to add a new requirement that provides for security, so long as the petitioner establishes a substantial change of circumstances meriting this modification. Because the First District has held that a trial court cannot modify alimony in this manner, we certify conflict with Burkhart v. Burkhart, 731 So.2d 733 (Fla. 1st DCA 1999).
The former husband argues that section 61.14 does not empower a court to modify an alimony award to require the payor to secure the obligation. We disagree. See §§ 61.08(3), 61.14, Fla. Stat. (1999); Stem v. Stem, 75 So.2d 810 (Fla.1954) (holding that provisions of section 65.08, Florida Statutes (1949), now section 61.08, allow court to impose requirement to secure alimony for the first time in post-judgment proceedings). See also Black v. Miller, 219 So.2d 106 (Fla. 3d DCA 1969); Carter v. Carter, 164 So.2d 219 (Fla. 1st DCA 1964).
Section 61.08(3), Florida Statutes (1999) provides:
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.
No language in this provision limits its application to original proceedings. In addition, section 61.14 states that when a substantial change in circumstances occurs, either party may apply
for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
Thus, section 61.14 permits the court to make orders “as equity requires” that decrease, increase, or confirm the original award. As a result, when a petitioner establishes that a substantial change in circumstances has occurred supporting a need to provide security for the alimony obligation and the payor’s ability to provide the same, the trial court, as equity requires, may modify the alimony obligation to require that security. Such an order, directly or indirectly, increases the value of the award to the recipient and the cost of paying the alimony for the payor.
We recognize that the First District has interpreted section 61.14 as prohibiting a trial court from modifying an alimony award in this manner. See Burkhart v. *1194 Burkhart, 731 So.2d 733 (Fla. 1st DCA 1999). Burkhart, however, does not discuss the expansive language in section 61.08 or the supreme court’s interpretation in Stem of prior but similar versions of section 61.14 and section 61.08. As a result, we certify conflict with Burkhart.
In this case, the former wife presented evidence that the former husband had on numerous occasions failed to pay the alimony obligation required by the final judgment. As a result, there was competent, substantial evidence of an unanticipated and material change in circumstances justifying the modification of the award to include a requirement that the former husband provide security for the obligation.
Finally, the former husband has appealed the trial court’s order that denied attorney’s fees to both parties. In the trial court and in this appeal, the former husband has argued that the former wife engaged in unnecessary litigation and therefore should be required to contribute to his attorney’s fees. See § 57.105, Fla. Stat. (1999); Rosen v. Rosen, 696 So.2d 697 (Fla.1997). Although the former wife presented this same argument to the trial court, she has not made that argument on appeal. The trial court found that both parties needed assistance to pay their fees, both parties lacked an ability to pay the other’s fees, and both parties engaged in unnecessary litigation. The record supports these findings.
We remind attorneys and parties in divorce proceedings that the appellate courts’ discussions in cases such as Rosen, Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991), and Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993), are intended to deter parties from unnecessary litigation and to encourage litigants in divorce to make efficient, cost-effective decisions. When attorneys invoke these cases to provoke litigants into yet another round of evidentiary hearings to determine which party was the more litigious or unreasonable, they are encouraging the very conduct that the cases seek to discourage.
Affirmed.
PATTERSON, C.J., and SALCINES, J., concur.