PER CURIAM.
Upon consideration of petitioner’s response to the Court’s order of April 30, 2004, in which petitioner “agrees that the Petition for Writ of Prohibition is moot to the extent that the insolvency hearing addressed by the Petition has already occurred,” the Petition is dismissed as moot. See English v. McCrary, 348 So.2d 293, 296-297 (Fla.1977) (“[A writ of prohibition’s] purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered.”); Wetherell v. Thursby, 100 Fla. 108, 129 So. 345, 345-346 (1930) (holding where issues had become moot by the passing of time, the proceeding in prohibition must be dismissed).
DISMISSED.
BARFIELD, DAVIS, and BENTON, JJ., Concur.