HENDRY, Judge.
The appellant, Pokress, who was plaintiff below, seeks reversal of a judgment for the defendants-appellees based on the court’s findings in an action tried by the judge without a jury.
The question for our determination is whether the evidence supports the trial judge’s finding that the plaintiff had failed to prove the allegations of his complaint.
Appellant, a real estate broker, sued the appellees for a commission which he claimed was due him for services rendered to the appellees in connection with the alleged sale of and interest in a 99 year lease.
The complaint alleges that the plaintiff was approached by the defendant, Joseph- *757 art, who asked to be introduced to a purchaser who was ready, willing and able to purchase an interest in a certain 99 year lease which was owned by the defendant, Splendide, Inc., a corporation that was wholly owned by Josephart. The complaint further alleges that no specific compensation was mentioned but defendant, Josephart, knew that the plaintiff was a real estate broker and agreed to pay him reasonable compensation for his services. Further, it was alleged that pursuant to Josephart’s request the plaintiff introduced Josephart to one Meyer S chine and commenced a series of negotiations between them which resulted in a transaction whereby Schine met a $105,000 commitment of Splendide, Inc. to the lessor of the property and agreed to assume 50% of Splendide, Inc.’s obligations under the lease, in exchange for over 50% of the stock of Splendide, Inc. Plaintiff claimed that the reasonable value of his services was in excess of $5,000.
The defendant filed an answer denying generally all of the material allegations of the complaint and specifically averring that the plaintiff had not been employed to do anything for the defendants, had done nothing for the defendants, and therefore, was entitled to nothing from the defendants.
The trial judge heard the testimony offered and granted the defendants’ motions for dismissal and for the entry of a final judgment against the plaintiff for his failure to sustain the allegations of his complaint.
The record shows that the evidence which plaintiff offered in support of his complaint was inconsistent and conflicting with respect to the vital issues being tried. Where a trial judge hears a cause without a jury, it is his duty to reconcile these conflicts and an appellate court is not warranted in disturbing his findings unless they are clearly erroneous.[1] From our review of the record we can not say that the trial judge was in error in holding that the evidence in its entirety and the reasonable inferences to be drawn therefrom failed to prove the plaintiff’s case under the issues made by the pleadings.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. Bittner v. Walsh, Ma.App.1961, 132 So.2d 799; Clausi v. Oasner Motors, Ma.App.1959, 112 So.2d 587.