PER CURIAM.
In these consolidated cases, defendant-appellant seeks review of the lower court’s order and judgment awarding to plaintiff *267 the proceeds from the sale of real property, interest, and a full and complete accounting by the defendant to plaintiff.
In November 1968, plaintiff, Etta Pettin-gill, 85 years old, gave her nephew, defendant, David Eldredge, a general power of attorney so that he might manage her financial affairs. Unknown to plaintiff, defendant took $2,018.91 from her New Jersey bank account and used it to open a fiduciary account at the Coconut Grove Bank of Miami, Florida under the name of David C. Eldredge, attorney for Etta D. Pettingill. From this account he withdrew funds for his personal use. In September 1969, plaintiff, at the request of defendant, executed to defendant a warranty deed to her home in Margate, New Jersey. In Ocr tober 1969, plaintiff filed action in New Jersey to set aside this conveyance, but then withdrew it. Thereafter, the defendant sold the property and deposited the proceeds in the fiduciary account. Prior to the closing, plaintiff had to execute a quitclaim deed to defendant on the New Jersey property to clear up any clouds on the title caused by the October 1969 litigation. The defendant continued to withdraw from the fiduciary account funds for his own use. On November 1, 1971 plaintiff filed the instant suit for an accounting and other relief. At the close of all the evidence, the lower court found the proceeds from the sale of the house to be the property of plaintiff and ordered the defendant to pay over the $20,900 remaining in the fiduciary account. The court also awarded plaintiff the sum of $11,398 plus $3,740 interest and further ordered the defendant to render an accounting of any funds coming into his hands after November 28, 1968. This appeal ensued.
On appeal appellant contends that the findings of the trial court were unsupported by competent, substantial evidence in the record and against the manifest weight of the evidence.
A thorough review of the record reflects that there was strong and convincing evidence to support the trial court’s findings that there was no gift to the appellant and that the proceeds of the sale from the house were rightfully the property of the aunt. See 15 Fla.Jur. Gifts § 23 (1957) and cases cited therein.
Further, the findings of a trial judge based on conflicting testimony come to the reviewing court clothed with the presumption of correctness and should not be disturbed unless they are clearly erroneous. Marx v. Goldfinger, Fla.App.1966, 187 So.2d 380; Pokress v. Josephart, Fla.App. 1963, 152 So.2d 756.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.