296 So.2d 567 (1974)
Henry F. HILL, As Trustee in Bankruptcy for Dade Plumbing, Inc., Appellant,
v.
COPLAN PIPE & SUPPLY CO., INC., a Florida Corporation, Appellee.
No. 73-1484.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Rehearing Denied July 19, 1974.
Caidin, Rothenberg, Kogan & Kornblum, Wakefield, Hewitt & Webster, Miami, for appellant.
Lapidus & Hollander, Miami, for appellee.
Before CARROLL and HENDRY, JJ., and LESTER, M. IGNATIUS, Associate Judge.
HENDRY, Judge.
Appellant, the counterplaintiff in the trial court, seeks review of an adverse final judgment entered at the conclusion of a non-jury trial.
The appellant filed a counterclaim against the appellee, Coplan Pipe & Supply Co., Inc. alleging overpayment for purchases of plumbing supplies which Dade Plumbing, Inc. made from the appellee.
At the trial, a C.P.A., Donald Weinberg, testified on behalf of the appellant that these alleged overpayments were in the amount of $526,975.69.
At trial, it further was developed primarily through documentary evidence, circumstantial in nature, that Ben Jaffee, Dade Plumbing's treasurer, had transmitted $505,000 to Coplan Pipe, and the latter, without crediting this sum to its own books, had deposited the money in the account of its president, Milford Purcel. It was shown that Purcel also transmitted the funds to Dade Plumbing, in the exact amount which Jaffee had given to Coplan Pipe. And, Coplan endorsed certain promissory notes executed by Dade Plumbing as *568 the maker to Coplan as payee over to Jaffee.
Weinberg also testified that Dade Plumbing paid the amounts due on the notes, and thus appellant contends an overpayment resulted. On the other hand, the appellee argues that the notes were paid to Jaffee who in effect had made advances to his own company, Dade Plumbing, through the circuitous means indicated by the evidence at trial as outlined hereinabove. Appellee maintains that it acted solely as a conduit in this transmittal of funds. The trial court found in favor of the appellee.
By its first two points on appeal, appellant asserts reversible error by the trial court in reaching the conclusion that Dade Plumbing's payments on the promissory notes were not overpayments to Coplan, but were part of a scheme in which Jaffee advanced funds to the appellant.
However, it is well-settled that the findings rendered on conflicting evidence by a trial judge when a cause is tried without jury comes to the appellate court clothed with a presumption of correctness, and this court should not disturb the trial court's findings absent a showing that they are clearly erroneous. Pokress v. Josephart, Fla.App. 1963, 152 So.2d 756; Conrad v. Larson, Fla.App. 1967, 201 So.2d 806; Eldredge v. Pettingill, Fla.App. 1973, 275 So.2d 266.
Our examination of the record reveals that there is substantial competent evidence in support of the trial court's determination.
We also have considered the third point advanced by the appellant in its brief and have concluded that no reversible error has been made to appear.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.