PER CURIAM.
Respondent, attorney Robert Collier House, petitions our Court and seeks review of the report, findings and recommendations of the Referee hereto filed in disciplinary proceedings lodged against him relative to guilt and which recommended discipline for violation of professional conduct.
The recommended discipline is: “. . the Respondent herein should be suspended from the practice of law for a period of three (3) years. Reinstatement should be conditioned upon proof of rehabilitation *16 and payment of all costs incurred by The Florida Bar in these proceedings.”
The record of the proceeding is before us, briefs have been filed and oral argument heard. Upon consideration thereof, we determine the pertinent facts to be as follows. The respondent attorney married his secretary. They became co-signatories of his law office account. He was sole signatory of his office trust account. Later, he represented, as attorney, his mother-in-law and her mother (the grandmother of his wife) in establishing a trust in his wife’s name for which account his wife was the sole signatory.
A prior trust account was terminated, and those funds, plus other funds subsequently acquired, were placed in this new trust. These funds were in excess of $100,000.00.
Respondent had agreed to extend free counsel for ordinary legal services. By letter, respondent referred to “we” in regard to the handling of the trust.
Subsequently, respondent used monies from the trust to pay a mortgage on his (husband and wife) home and to satisfy certain obligations with another bank. These totalled $35,014.77.
Respondent contends these were investments but a purported mortgage was never recorded.
Then, $12,000.00 in 1964 and $23,000.00 in 1965 were transferred to his office account, and $4,554.00 was transferred to a corporation almost solely owned by respondent. Apparently, over $48,000.00 in total was transferred to his office account and disposed of.
“Interest” on the “investment” was paid by respondent’s wife, from the trustee account, to her mother and grandmother in 1964 and 1965.
Marital problems developed in 1966, and tne respondent and his corporation gave notes in May, 1966, totalling $101,884.60 to his wife’s mother and grandmother. In 1968 a series of mortgages replaced the notes in the approximate sum of $98,100.-00. The mother and grandmother were represented by separate counsel, and the notes and mortgages were jointly signed by the respondent, his wife and the corporation.
These documents were not recorded, at respondent’s request, until October 7, 1968, just prior to foreclosure on instruments which were filed subsequent to divorce proceedings between respondent and his wife.
In 1972, settlement was made by respondent for $15,000.00. His ex-wife’s mother received his home valued at $37,000.00, together with stocks from his ex-wife valued at $22,000.00.
Respondent asserts no bad faith or intent to harm, that many of the foregoing transactions were by his then wife and without his knowledge, and further that his former wife’s mother and grandmother were made whole.
From the foregoing, it is ascertainable that the professional conduct of the respondent was less than that to be expected in the professional field of a practicing attorney and to that extent he is guilty of violations of the Code of Professional Responsibility, Rules Governing Conduct of Attorneys and of the Integration Rule of The Florida Bar, as determined by the Referee.
However, the prior conduct of the respondent over numerous years of practice does not demonstrate any reasonable degree of irresponsibility to either his profession or those clients he represented. So, too, the record reveals this problem to be only an intra-family affair, in which all parties concerned either participated in, knew or should have known of all the continuous events. In fact, full and complete restoration has been made by the respondent and his then wife, and her grandmother has since deceased. Indeed, the core of the boil of this problem only erupt *17 ed on or about the time of the respondent’s domestic problems.
The most reasonable and natural conclusion is that principles of justice and fair play should be applied to this dereliction of professional duty owed even to a family legal matter.
In attempting to arrive at a proper but yet just and deserving admonition to respondent’s actions, we determine that the Referee’s recommended discipline is too severe under these circumstances.
Accordingly, we determine appropriate discipline to be and so decree that the respondent is hereby publicly reprimanded for his infractions of professional conduct, and placed on probation for a period of one (1) year from the date of the filing of this opinion, subject to these conditions:
(1) A quarterly caseload report outlining the current status of cases which respondent has agreed to undertake on behalf of clients shall be filed with the Clerk of this Court with copy to Staff Counsel for The Florida Bar. This report should include information as to cases disposed of during the quarter. Such reports will be confidential in nature and he may include therein such additional information as he deems relevant to an evaluation by this Court of his prompt and diligent prosecution of his caseload;
(2) A statement of any charges or crimes filed against him and disposition or status of the same, including any adjudication that he is in contempt of court, or any finding of probable cause as to his misconduct during the period of probation. In the event the foregoing is not complied with, the Clerk of the Supreme Court is directed to promptly reassign the case to this Court for further action; and
(3) To pay to The Florida Bar the costs incurred in these proceedings which are hereby assessed at $1,238.39.
Petition for rehearing is hereby dispensed with.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, BOYD and McCAIN, JJ., concur.