311 So.2d 119 (1975)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Doing Business As Jackson Memorial Hospital, Appellant,
v.
Betty PETERSON, Appellee.
No. 74-1078.
District Court of Appeal of Florida, Third District.
April 22, 1975.
*120 Stuart Simon, County Atty., and Alan T. Dimond, Asst. County Atty., for appellant.
Robert S. Korschun, Miami, for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Metropolitan Dade County by this appeal challenges an amended final judgment entered by the Circuit Court, Dade County finding that the appellee, Betty Peterson, was illegally and improperly denied a due process hearing at the time she was discharged from employment with Dade County, and accordingly directing the appellant to hold a hearing determining if she is entitled to reinstatement.
The county brings before us two principal issues for consideration. It is urged that the appellee's complaint for declaratory and other supplemental relief was barred by the equitable doctrine of laches.
Secondly, the county contends that the court below erred in determining that the appellee (whose status under Section 2-41 of the Code of Metropolitan Dade County exempts her from civil service classification) was constitutionally entitled to a due process hearing at the time of her discharge.
The record demonstrates that the appellee filed her complaint in the trial court on July 16, 1973 approximately two and a half years after she was discharged in February, 1971 as a medical technologist III at Jackson Memorial Hospital, a county-operated facility.
The stated reason given for her dismissal by the appellee's superior in a letter to *121 her was her "unexplained and unapproved absence ... since the termination of your vacation leave... ."
The record indicates that the appellee's excuses for waiting almost thirty months in which to file this case were that she both sought to re-gain her employment at Jackson Memorial Hospital and employment elsewhere at other local medical hospitals and facilities; that she sought the services of various attorneys (eight of them) to take her case; and that at one point she underwent extensive dental work which was necessary as a result of an automobile accident in which she was involved in July, 1970.
Dade County argues that the appellee should have been barred by laches because the county has been prejudiced by the lapse of time.
Moreover, the county points out although the statute of limitations is not binding in an equitable proceeding, courts of equity may refuse to act on the basis of statutes of limitations which relate to actions at law of like character. See, Baskin v. Griffith, Fla.App. 1961, 127 So.2d 467; Metropolitan Dade County v. Maddox, Fla.App. 1970, 242 So.2d 165.
The statute of limitations for actions at law which seek damages or penalties under laws respecting the payment of wages is one year. See, Fla. Stat. § 95.11(7)(b), F.S.A.
It is our inclination to agree with Dade County's position. A claim such as the appellee's including reinstatement and back pay should be presented promptly in order to avoid undue disruption of government service. See Ladas v. Titus, Fla. 1951, 53 So.2d 323.
We think that the possibility of prejudice to the appellant is real where the county has been paying another individual to perform the duties formerly performed by the appellee (and therefore is placed in the position of paying twice for the same service) and where the county must now hold a hearing when witnesses may be unavailable and those who are available may not clearly remember the material facts concerning the appellee's discharge.[1]
Nevertheless, we do not deem it necessary to reach the question posed by the trial court's finding concerning the issue of laches because in our view the trial court's determination that the appellee is entitled to a due process hearing on the question of her reinstatement is clearly erroneous.
In the amended final judgment, the trial judge emphasized that at the time of her discharge the appellee was earning a salary of $1,018.00 per month plus she was receiving group medical and dental benefits, sick and vacation leave and other assorted benefits.
Thus, the circuit court concluded that at the time of her dismissal, the appellee had a legitimate claim of entitlement to group benefits as a governmental employee and had a "clearly implied promise of continual employment by virtue of her seniority and past meritorious raises." The court added that the appellee had a "significant property interest" in maintaining her employment.
The record also shows that in his order of summary judgment in favor of the appellee on this issue the court stated his opinion that Section 2-41, referred to above, does not deprive the appellee of procedural due process.
*122 As we view the court's conclusions in this case, an employee who is otherwise exempt from civil service classification may acquire a significant property right in his job merely by seniority and past satisfactory job performance.
The effect of such a ruling in many instances would be to nullify the county's job classifications which exempt numerous categories of employees, many of whom hold higher echelon positions in county government, from civil service status.
In Illinois State Employees Union, Council 34, etc. v. Lewis, 473 F.2d 561 (7th Cir., 1972), cert. denied, 410 U.S. 928, 943, 93 S.Ct. 1370, 35 L.Ed.2d 590, 609 (1973), a case which may be analogized to the instant case, the court made the following statement:
"[8] Unlike a civil service system, the Fourteenth Amendment to the Constitution does not provide job security, as such, to public employees. If, however, a discharge is activated by considerations of race, religion, or punishment of constitutionally protected conduct, it is well settled that the State's action is subject to federal judicial review. There is no merit to the argument that recognition of plaintiffs' constitutional claim would be tantamount to foisting a civil service code upon the State."
In that case, the court was concerned with the discharge of employees for refusing to transfer their political allegiance to the Republican party, which the court held was constitutionally impermissible.
In the cause before us, we do not find any evidence that the appellee was discharged from her position for reasons which would be constitutionally prohibited.
In order to possess a property interest in one's re-employment or in continued employment, a person must have more than an abstract or unilateral desire to remain employed. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Cornwell v. University of Florida, Fla.App. 1975, 307 So.2d 203.
In Board of Regents v. Roth, supra, the United States Supreme Court stated that to determine whether or not due process requirements are applicable where a nontenured teacher is not re-employed, the nature of the interest at stake is a crucial factor.
In addition, the court stated that the dimensions of proper interests protected by due process requirements are defined by existing rules or understandings stemming from independent sources such as state or local law.
In the case at bar, we think it is clear that the appellee is excluded from civil service classification as a Dade County employee under existing county law.[2]
We find nothing in the record which indicates an implied promise was made to the appellee which afforded to her de facto status as either a tenured or civil service employee, nor do we think the facts of this case demonstrate that the appellee possessed an expectancy interest in her continued employment with Dade County.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is reversed.
Reversed.
NOTES
[1] There is the additional disruptive factor that if the appellee is granted a due process hearing and is subsequently reinstated, the employee who was promoted to fill her particular position presumably will have to be demoted to make room for the appellee. This would be several years after the second person was promoted, and he might advance the same contention made by the appellee in this case, to-wit: that he is entitled to a due process hearing prior to being demoted.
[2] Section 2-41(20) and (23) of the county code exempts "professional employees in the county health service" and "professional medical employees" from civil service coverage. Our study of Section 2-39(g) which defines the term "professional medical employees" and Chapter 483, Florida Statutes, entitled the "Florida Clinical Laboratory Law," persuades us that the appellee's position clearly is exempted from the classified service of Dade County.