317 So.2d 820 (1975)
E. Wilson PURDY, in His Capacity As Director of the Dade County Public Safety Department, and Metropolitan Dade County, a Political Subdivision of the State of Florida, Appellants,
v.
Alan Burton COLE, Appellee.
No. 74-1245.
District Court of Appeal of Florida, Third District.
July 22, 1975.
*821 Stuart Simon, County Atty., and Stephen P. Lee, Asst. County Atty., for appellants.
Raymond M. Seidler, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Metropolitan Dade County and E. Wilson Purdy, as Director of the Dade County Public Safety Department, defendants, appeal a final judgment in favor of Alan Burton Cole, plaintiff, in an action for declaratory relief, damages and reinstatement of employment wherein Cole was reinstated as a police officer with back pay.
Cole was employed as a police officer on probationary status with the Dade County Public Safety Department. While so serving as a police officer, he was assigned to the police detail at President Nixon's Key Biscayne, Florida, residence as a security guard whereupon he was allegedly investigated for security reasons by the United States Secret Service. Information obtained therefrom prompted an investigation by the Internal Review Section of the Metro Public Safety Department. After such investigation, which included a verified statement from Cole, a report was made to the Director of Public Safety containing the following findings of facts:
"1. While attending the University of Kentucky in 1970, Officer Cole took part in anti-police demonstrations that were held on campus.
2. That Officer Cole was turned down for the draft due to his physical exam. On the application Officer Cole listed his classification as IA.
3. That Officer Cole made application for the Miami Police Department in March 1971. He was rejected for medical reasons. He failed to put this on his application.
4. That Officer Cole made application for the Miami Beach Police Department and was rejected as a result of the oral interview. He also failed to make notes of this on his application to the Public Safety Department as required.
5. That Officer Cole did wilfully, falsify his application for employment with the Public Safety Department."
Subsequently, Cole was notified in a letter signed by the Acting Director of the Public Safety Department that his employment was terminated. The letter reads:
"You are hereby released from your position as Police Officer with the Dade *822 County Public Safety Department, effective May 7, 1973.
This personnel action is taken based on the following provisions of the Personnel Rules of Metropolitan Dade County Florida:
Chapter VIII, Section 5: `A probationary employee may be discharged or reduced in class or rank, or replaced on the eligible list by the head of the department without charges or hearing.'
Chapter VIII, Section 7, Paragraph Q: `Cause for Dismissal, Demotion or Suspension: That the employee, after employment, is found to have made a false statement in his application for employment.'
All department property issued to you, which is still in your possession, is to be returned immediately, and you are to report to the Personnel Section to complete the necessary checkout procedure."
Upon termination of his employment by the Public Safety Department, without an administrative hearing, Cole then commenced this litigation seeking declaratory relief, reinstatement and damages. Cole claims he was discharged for constitutionally protected activities, and therefore he was entitled to an administrative hearing pursuant to the personnel rules of Metro Dade County, prior to discharge irrespective of his probationary status. He claims violation of his constitutional rights of freedom of speech, assembly and due process under the United States and Florida Constitutions. In support thereof he cites several United States Supreme Court decisions. The defendants answered the complaint and alleged that Cole was dismissed due to misrepresentations, falsifications or omissions on his employment application; that he accepted employment with Dade County subject to published personnel rules and a one-year probationary period and with full knowledge that misrepresentations, falsifications or omissions on an employment application constitute grounds for dismissal under the personnel rules and that there is no constitutional requirement for notice or hearing prior to discharge of a probationary employee, nor is there such a requirement in Dade County's personnel rules.
In the final judgment entered in this cause, the trial judge made extensive findings of fact herein paraphrased as follows: The termination of Cole's employment was not preceded by any constitutionally effective hearing before the Public Safety Department, although one was requested by Cole. The grounds for Cole's discharge stem from alleged falsification of information in his employment applications, which fall into two separate and constitutionally discrete classifications; first, Cole's alleged failure to include information as to prior applications to and refusals of employment by other police agencies, as well as a misrepresentation as to his selective service classification, which constitute non-constitutionally protected bases for dismissal; second, those claims vigorously asserted by the Public Safety Department to Cole that he "falsified" his application by not revealing the lawful and constitutionally protected activities of asserting his First Amendment rights of free speech and free assembly during a 1970 campus demonstration at the University of Kentucky while a student there. The court further found that the reasons asserted by the Public Safety Department for Cole's discharge do not distinguish between the two types of alleged misrepresentations and the report of the Public Safety Department's investigation refers to the constitutionally protected "charge" in a prominent and predominate manner. Therefore, at least one of the reasons for Cole's dismissal was that he participated in constitutionally protected activities and because it was thought that failure to reveal same to the Public Safety Department constituted a "misrepresentation" sufficient to justify dismissal.
The trial court, in addition to the above finding, stated that the main reason for *823 Cole's discharge was the information gleaned from the report made by the United States Secret Service regarding constitutionally protected activities, rather than the misrepresentations and falsifications as to non-constitutionally protected activity on the application; that there were, however, omissions on the application.
The trial court further stated in its findings of fact that subsequent to his discharge, Cole has applied for employment with other police agencies, but such discharge has effectively precluded him from obtaining police employment. Based upon such findings, the trial court ordered the Public Safety Department to restore Cole to his employment in the capacity he occupied before the date of discharge and to grant him all back pay and benefits which otherwise would have accrued from that time until his reinstatement.
Our review of the record discloses that according to Chapter VIII, § 7 of the Personnel Rules of Metropolitan Dade County, see letter from Acting Director to Cole, supra, a false statement in an employment application is cause for dismissal of a county employee. Further, Chapter VIII, § 5 of the Personnel Rules also recited in the letter, states that a probationary employee may be discharged without charges or hearing. Therefore, as a probationary policeman, Cole had no property interest in his employment, and he may be dismissed without a hearing and without cause. Board of Regents of State Colleges v. Roth, infra, and compare Metropolitan Dade County v. Peterson, Fla.App. 1975, 311 So.2d 119.
The record reflects that there was an implication that Cole was labeled as a "subversive." The findings of fact of the internal review section, supra, in effect charge him with dishonesty or immorality which is damaging to his standing in his community and stigmatizes him by severely injuring his prospects of future employment. When charges are made against an employee which affect his liberty or honesty and integrity or the discharge is based upon constitutionally protected activities, by asserting his first amendment rights of free speech and free assembly, then the due process clause of the United States and Florida Constitutions require that a hearing be held prior to discharge. See Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515; Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; U.S. Const. amends. I and XIV, and the Fla. Const. Art. I, §§ 4, 5, 9.
Findings of fact by the trial court are presumed to be correct unless an abuse of discretion is clearly evident. Bond v. Key, 1939, 141 Fla. 160, 192 So. 599. Findings of fact by the trial court will not be overturned unless they are clearly erroneous. Eldredge v. Pettingill, Fla.App. 1973, 275 So.2d 266, 267. There is sufficient evidence to support the findings of fact made by the trial court. However, we disagree with the reinstatement of Cole since the record reflects that he admitted that he omitted or falsified information on his employment application. In the transcript of Cole's Statement to the Internal Review Section of the Public Safety Department, he was asked why he failed to include in his application that he had been turned down by the City of Miami Beach Police Department, and he responded under oath,
"Well because in all reality I would have not been hired by the County. I don't believe that they would have given me the opportunity to explain the situation then as I have had the opportunity to do now. And it is the truth, I know it. They wouldn't hire me... . I was turned down at the oral of Miami Beach. How do you get a chance to prove that you can do police work when the paperwork stops you from getting in the street to prove it, and that's the truth."
*824 Due to this admission, the Public Safety Department had the right to discharge him for non-constitutionally protected activities.
Therefore although we find that the trial court erred in reinstating Cole since the Public Safety Department had a right to discharge him, we also find that Cole is entitled to a hearing, if he so desires, as to the charges relating to his constitutionally protected activities and charges affecting his honesty and integrity which he wishes to challenge or explain. We reject the argument that trial court proceedings serve the purpose of being the hearing to which Cole is entitled. He is entitled to an administrative hearing in order to clear his name after which it shall be left to the Public Safety Department to reinstate Cole or to affirm the discharge as of the original date of discharge.
For the reasons stated, the judgment of the trial court is affirmed in part, reversed in part and remanded with directions to provide for an administrative hearing.
PEARSON, Judge (concurring in part and dissenting in part).
I concur in the reversal; I see no need for a remand. I would reverse with directions to dismiss the complaint.
The following paragraph from the majority opinion states the law applicable to this case:
"Our review of the record discloses that according to Chapter VIII, § 7 of the Personnel Rules of Metropolitan Dade County, see letter from Acting Director to Cole, supra, a false statement in an employment application is cause for dismissal of a county employee. Further, Chapter VIII, § 5 of the Personnel Rules also recited in the letter, states that a probationary employee may be discharged without charges or hearing. Therefore, as a probationary policeman, Cole had no property interest in his employment, and he may be dismissed without a hearing and without cause. Board of Regents of State Colleges v. Roth, infra, and compare Metropolitan Dade County v. Peterson, Fla.App. 1975, 311 So.2d 119."
Anything further is, in my opinion, surplusage.