371 So.2d 107 (1978)
Donald T. WEST, Petitioner,
v.
STATE of Florida, DEPARTMENT OF CRIMINAL LAW ENFORCEMENT, Respondent.
No. II-315.
District Court of Appeal of Florida, First District.
October 16, 1978.
*108 Robert M. Ervin and E.C. Deeno Kitchen of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., Douglas C. Kearney and Martin S. Friedman, Asst. Attys. Gen., for respondent.
PER CURIAM.
The essential issue presented by this case is whether petitioner was entitled to a hearing prior to discharge from his position as a special agent.
Petitioner was employed by the Department of Criminal Law Enforcement (hereinafter Department) continuously from 1968 until September, 1977. In July, 1977, he received a letter of suspension from Commissioner William A. Troelstrup charging him with the following:
"That during the period October 1, 1974 to January 21, 1977, while serving as a Special Agent of the Florida Department of Criminal Law Enforcement assigned to the Fort Walton Beach Field Office, Fort Walton Beach, Florida, you did wilfully make nonconsensual recordings of wire communications in violation of General Orders 3 and 12 of this Department and, more particularly, in violation of section 934.03, F.S.
* * * * * *
"That during the period of July 1, 1976 to the present, while engaged in a `storefront' stolen property investigation and in your official capacity as a sworn Special Agent of the Department, you capitalized upon confidential insider information as to the status of property as stolen or not stolen and procured a wristwatch which had not been stolen for your own personal gain or benefit in violation of subsection 112.313(8), F.S. * * *"
Petitioner requested a hearing and asked that he be advised of the particulars of the wrongful acts allegedly committed by him. In another letter, he requested a Complaint Review Board be established for the purpose of hearing and determining the issues existing between him and the Department as raised by the allegations in the letter of suspension. The Department rejected his request for a hearing and instead invited him to a private informal conference with Commissioner Troelstrup.
At that meeting no evidence was presented against petitioner; he was denied an opportunity to confront, cross-examine or review any witnesses or evidence against him, and the Department refused to disclose to him the particulars of any alleged nonconsensual recordings of wire communications made by him. The Department contends that no details were furnished because there was then in progress a criminal investigation concerning the charge of illegally recording telephone calls. West did offer at that meeting an explanation of the charge relating to the watch.
Three weeks later the Department terminated petitioner as of September 17, 1977, relying on the first charge but withdrawing the second charge concerning the watch. Further efforts to obtain a hearing were denied. Petitioner thereupon sought relief in this court.
Petitioner contends that the provisions of F.S. 112.532 require that law enforcement officers be notified of the reason for their suspension and/or termination and be afforded a hearing prior to the effective date of such action. He further contends that under subsection 2 of that statute, he is entitled to a hearing before a Complaint Review Board. The Department admits that F.S. 112.532 is applicable but claims *109 that the request for a hearing under that statute was untimely in that it was not made during the time that petitioner was "under investigation and subject to interrogation by members of his agency." Further, the Department argues that F.S. 112.532(2) is invalid in that it does not recite the authority and procedures for a Complaint Review Board. We do not read the statute so narrowly. West was clearly entitled to the procedural protection of the statute. The record reveals that the request was timely and no valid reason has been proffered for refusal. As to the authority and procedures of the Complaint Review Board provided by F.S. 112.532(2) it is apparent that hearings before the board must be conducted in such manner as to afford constitutional due process of law.
Aside from the right of hearing afforded under the provisions of F.S. 112.532, petitioner urges that the right of due process requires that a hearing be allowed upon request when a public employee is terminated from his position under public allegations which would tend to damage his reputation, citing Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and Robison v. Wichita Falls & North Texas Community Action Corporation, 507 F.2d 245 (5th Cir.1975). He concedes that the recent case of Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) has been characterized as a retreat from the doctrines of the Roth and Robison decisions, but he contends that there has been no retreat from that aspect of those decisions which compels a hearing when the termination is under such circumstances as to be accompanied by public statements by the discharging agency which would tend to damage the employee's reputation. The Department counters with the contention that the record before us reveals no disparaging public statements. That very contention demonstrates the necessity for the requested hearing. Without a hearing an aggrieved party has only a limited opportunity for the building of a record. However, the petitioner did supplement the record with copies of numerous media articles which we find clearly sufficient to invoke the Roth doctrine. We conclude that the teachings of the Roth and Robison opinions, even in the light of the Bishop decision, required under the circumstances of this case that West have been afforded a hearing.
Finally, petitioner relies upon a general order of the Florida Department of Criminal Law Enforcement, entitled General Order No. 9 which, petitioner contends, afforded him a right to a hearing. Although both parties referred to that order during oral argument before the court we find that it has not been made a part of the record before us. In any event, it can have no affect upon our decision because, as above recited, we find that both F.S. 112.532 and the "Roth doctrine" entitled petitioner to the relief sought, a hearing.
Petitioner has filed a motion for attorney's fees pursuant to Chapter 77-453, Laws of Florida. We do not deem this case appropriate for the imposition of attorney's fees under the authority of that statute. The petition for attorney's fees is therefore denied.
The petition for review is granted. We remand to the Department of Criminal Law Enforcement for further proceedings consistent with the views herein expressed.
IT IS SO ORDERED.
McCORD, C.J., and BOYER and MILLS, JJ., concur.