HURLEY, Judge.
James Bembanaste, plaintiff in the trial court, appeals from an adverse summary final judgment. We affirm.
The proof below established that appellant was employed, on a probationary status, as a police officer with the City of Hollywood. On January 3, 1978, he was interrogated by two senior officers of the Hollywood Police Department regarding an incident which involved overtime pay. The next day he received a written notice of termination which stated that he had “failed to satisfactorily complete the required probation.”
Appellant instituted suit against the City and the Chief of Police, contending that (1) he was entitled, as a matter, of right, to a pre-termination hearing, and (2) certain rights guaranteed by Section 112.532(1) et seq., Florida Statutes (1977), had been violated during the interrogation process. Consequently, the complaint prayed for reinstatement with back pay, plus costs and attorney’s fees. Defendants moved for summary judgment noting that the City’s civil service regulations permitted probationary employees to be terminated without cause and without a hearing. The trial court granted summary final judgment for defendants/appellees and this appeal ensued.
Despite the fact that appellant’s complaint alleges violations of rights guaranteed by Section 112.532(1) et seq., commonly known as The Policeman’s Bill of Rights, the record does not disclose that appellant ever sought timely enforcement of those rights pursuant to Section 112.534, Florida Statutes (1977).[1] Cf. West v. State, Depart *1054 ment of Criminal Law Enforcement, 371 So.2d 107 (Fla. 1st DCA 1978); Waters v. Purdy, 345 So.2d 368 (Fla. 3d DCA 1977). Moreover, the complaint does not allege that appellant’s termination resulted from an attempt to exercise any of the rights set forth in Section 112.532(1) et seq. See Section 112.532(5).[2] Therefore, we do not reach the issue of whether a probationary police officer is “employed full time” within the meaning of Section 112.531(1)[3] and thus entitled to the protections of the Policeman’s Bill of Rights.[4]
The proof below unequivocally established that Officer Bembanaste was employed on a probationary status. Furthermore, it was shown that the City of Hollywood’s civil service regulation permitted termination of probationary employees without cause and without a hearing. Thus the trial court was correct in determining that no genuine issue of material fact existed to preclude the entry of summary final judgment.[5] See Purdy v. Cole, 317 So.2d 820 (Fla. 3d DCA 1975), appeal dismissed, 303 So.2d 16 (Fla.1976). Accordingly, the judgment is affirmed.
MOORE and BERANEK, JJ., concur.

. If any agency employing law enforcement officers fails to comply with the requirements of this part, a law enforcement officer employed by such agency who is personally injured by such failure to comply may apply directly to the circuit court of the county wherein such employing agency is headquartered and permanently resides for an injunction to restrain and enjoin such violation of the provisions of this part and to compel the performance of the duties imposed by this part.
Section 112.534, Florida Statutes (1977).

. No law enforcement officer shall be discharged; disciplined; demoted; denied promotion, transfer, or reassignment; or otherwise discriminated against in regard to his employment, or be threatened with any such treatment, by reason of his exercise of the rights granted by this part.
Section 112.534, Florida Statutes (1977).

. As used in this act:
(1) “Law enforcement officer” means any person, other than a chief of police, employed full time by any municipality or this state or any political subdivision thereof, whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state. (Emphasis supplied.)
Section 112.531(1), Florida Statutes (1977).

. See Judge Booher’s thorough opinion in Longo v. City of Hallandale, 42 Fla.Supp. 53, 56-59 (Fla. 17th Cir. Ct. 1975), for the legislative history and purpose of the statute.

. We further note that appellant’s complaint did not allege “stigmatization” such as would require a hearing on due process grounds. See Codd v. Velger, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977).