PER CURIAM.
George Smith was a probationary police officer employed by the town of Golden Beach when he was discharged from his position without prior written notice on June 28,1978. When the town failed to act on Smith’s request for review by a Complaint Review Board pursuant to Section 112.532(2), Florida Statutes (1979), Smith *1347 filed suit against the town of Golden Beach, Richard Granata and James Roden as police chief of the town of Golden Beach. Smith alleged violation of his right to due process under the Florida Constitution and the Constitution of the United States claiming that he was entitled to the process of review offered by the statute because he had been interrogated within the meaning of Section 112.532(1), Florida Statutes (1979) and had not been afforded his right to pre-termination notice under Section 112.532(4). The trial court, without specifying its reason, dismissed those counts of Smith’s amended complaint claiming rights under Section 112.531, et seq. and Smith appeals.
In determining whether there are any conceivable sets of facts which would support Smith’s claims under Section 112.531, et. seq. and the Constitutions of the United States and Florida against a motion to dismiss, we must first determine whether Smith as a probationary police officer is entitled under Section 112.532 to the rights of the law enforcement officers enumerated in subsections one through five of that Section, and second, whether Smith had either a property or liberty interest which required procedural protection. See, e. g., Allison v. City of Live Oak, 450 F.Supp. 200 (M.D.Fla.1978) (motion to dismiss denied where possibility that non-probationary policeman could prove entitlement under § 112.531, et. seq.); Barton v. City of Eustis, 415 F.Supp. 1355 (M.D.Fla.1976) (motion to dismiss denied where possibility of property or liberty interest).
First, Smith cites us no Florida case and we find none which grants to a probationary policeman the protections offered by Section 112.531, et. seq., Florida Statutes (1979).[1] In Bembanaste v. City of Hollywood, 394 So.2d 1053 (Fla. 4th DCA 1981), the court specifically declined to reach the issue of whether a probationary police officer is “employed full time” within the meaning of Section 112.531(1), Florida Statutes (1979)[2] in holding that a probationary policeman was not entitled to a pre-termi-nation hearing. Though Smith argues with some force that the provision granting rights to “all law enforcement officers” under Section 112.532, Florida Statutes (1979) includes probationary employees, we disagree.
Prior to the effective date of Section 112.531(1), et. seq., a city could by its own rules or ordinances provide that a probationary policeman may be discharged without cause or assignment of reason. See, e. g., Purdy v. Cole, 317 So.2d 820 (Fla.3d DCA 1975). Absent express procedural provisions to the contrary, the enforcement of such city ordinances continued after enactment of the Florida Policeman’s Bill of Rights. See, e. g., City of Miami v. Fraternal Order of Police, 378 So.2d 20 (Fla.3d DCA 1979) (dispute of whether probationary officers who may be fired without cause and assignment of reasons had procedural rights under collective bargaining agreement was subject to grievance-arbitration procedure); Archer v. City of Miami, 360 So.2d 34 (FIa.3d DCA 1978) (probationary police lieutenant could be reduced in rank upon notice). In light of the past practice of excluding probationary policemen from procedural rights accorded permanent employees, we cannot conclude that the legislature intended to include probationers within the statute or that the stat *1348 ute as currently worded creates an expectation of continuing employment for probationary employees. Accordingly, we hold that a probationary police officer is not “employed full time” within the meaning of Section 112.531(1) and is not entitled to the rights and privileges under Section 112.532.
We now address Smith’s claim that he is entitled to procedural protection under the Fourteenth Amendment of the United States Constitution and Article I, Section 9, of the Florida Constitution. Cf. West v. State Department of Criminal Law Enforcement, 371 So.2d 107 (Fla. 1st DCA 1978) (finding a permanent employee entitled to the procedure of § 112.532(2) both under the statute itself and under the constitutional requirements of due process). In order to avail himself of procedural protection under the Fourteenth Amendment, Smith must first establish a deprivation of either a property or liberty interest. Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). See, e. g., Parratt v. Taylor, - U.S. -, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).
Our decision above precludes Smith from finding an entitlement or property interest as probationary employee under Sections 112.531, et. seq., Florida Statutes (1979). Neither may Smith claim an expectation of employment under local rules where Rule 100 of the Golden Beach Police Department Rule provides that a probationary police officer may be dismissed without cause. Compare Thurston v. Dekle, 531 F.2d 1264, 1272 (5th Cir. 1976) (city ordinance allowing termination only for cause creates a constitutionally protectable property interest for non-probationary employee), vacated, 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978) for further consideration in light of Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and Barton v. City of Eustis, supra (City of Eustis ordinance provides for dismissal for causes enumerated) with Purdy v. Cole, supra (Miami ordinance providing for discharge without charges or hearing results in probationary officer having no property interest in his employment).
 Smith also alleges loss of reputation. In order to successfully assert a due process violation based on loss of reputation, however, Smith must allege the acts disparaging his reputation, deny the truth of those acts or words, Codd v. Velger, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), allege that the loss of reputation was in conjunction with some interest such as loss of employment and establish that the reasons for discharge from employment were disclosed to the general public. Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Here, the only disclosure was to the Unemployment Compensation Board. This record is privileged and exempt from Florida Public Records Disclosure Act, § 443.16(3), Fla.Stat. (1979), Greene v. Hoiriis, 103 So.2d 226 (Fla.3d DCA 1958), and is not public disclosure as required by Bishop v. Wood, supra. Cf. Purdy v. Cole, supra (court found a liberty interest where Cole labelled as a “subversive” and there was issue of Cole’s First Amendment rights of free speech and free assembly); West v. State Department of Criminal Law Enforcement, supra (numerous media articles amounted to public disclosure). See also Wardlow v. City of Miami, 372 So.2d 976 (Fla.3d DCA 1979) (no stigma where statement privileged), quashed in part on other grounds, 403 So.2d 414 (Fla.1981).
Because there are no grounds which support Smith’s claim to a review board under Section 112.532 or under the United States and Florida Constitutions, the trial court correctly granted appellees’ motion to dismiss.
Affirmed.

. We find the following cases inapposite to the facts of this case: Allison v. City of Live Oak (non-probationary employee), supra; Barton v. City of Eustis (no status indication), supra; City of Coral Gables v. Dodaro, 397 So.2d 977 (Fla.3d DCA 1981) (permanent employee, Coral Gables Charter): City of Miami v. Kory, 394 So.2d 494 (Fla.3d DCA 1981) (voluntary resignation, City of Miami rules); City of Tarpon Springs v. Meister, 392 So.2d 1345 (Fla.2d DCA 1980) (no status indication, City of Tarpon ordinance); West v. State Dept. of Criminal Law Enforcement, 371 So.2d 107 (Fla. 1st DCA 1978) (non-probationary employee); City of Hallandale v. Inglima, 346 So.2d 84 (Fla. 4th DCA 1977) (no status indication).

. Section 112.531(1), supra, provides: “Law enforcement officer” means any person, other than a chief of police, employed full time by any municipality or this state or any political subdivision thereof, whose primary responsibility is the prevention and detention of crime or the enforcement of the penal, traffic, or highway laws of this state.