Chief Steven O. Walters Melbourne Beach Police Department 507 Ocean Avenue Melbourne Beach, Florida 32951
Dear Chief Walters:
You have asked substantially the following question:
 Does s. 112.532, F.S., preclude commencement of an interrogation of a law enforcement officer if the officer has requested counsel and counsel is not present?
In sum, I am of the following opinion:
 If a law enforcement officer requests representation by counsel, s. 112.532(1)(i), F.S., requires that the officer's counsel be present at all times during an interrogation which relates to the officer's continued fitness for law enforcement service.
You state that a law enforcement officer in your department was the subject of a citizen's complaint which resulted in further charges being filed by the department. The officer was notified of the time and date of his interrogation and was advised of his right to have an attorney or other representative of his choice present during the interrogation. When the officer appeared for the interrogation, his attorney was not present. The officer refused to answer any questions which pertained to his continued fitness for employment as a law enforcement officer until his attorney arrived. The interrogation was concluded after thirty minutes; shortly thereafter his attorney arrived. The attorney objected to the interrogation since the officer's right to have an attorney present under s. 112.532, F.S., was not observed.
While this office may not comment upon the instant situation, the following general discussion regarding the requirements of s.112.532(1)(i), F.S., is offered.
Section 112.532, F.S., also known as the Florida Law Enforcement Officer's Bill of Rights, was enacted to provide certain rights and privileges to law enforcement officers who are under investigation by their employing agencies.[1] The statute, in pertinent part, provides:
 All law enforcement officers and correctional officers employed by any employing agency[2] shall have the following rights and privileges:
 (1) RIGHTS OF LAW ENFORCEMENT OFFICERS AND CORRECTIONAL OFFICERS WHILE UNDER INVESTIGATION. — Whenever a law enforcement officer or correctional officer is under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary action, demotion, or dismissal, such interrogation shall be conducted under the following conditions:
* * *
 (i) At the request of any law enforcement officer or correctional officer under investigation, he shall have the right to be represented by counsel or any other representative of his choice, who shall be present at all times during such interrogation whenever the interrogation relates to the officer's continued fitness for law enforcement service or correctional service. (e.s.)
Thus, s. 112.532(1)(i), F.S., plainly provides that a law enforcement officer under interrogation has the right to request representation by an attorney who shall be present at all times during an interrogation which relates to the officer's continued fitness for law enforcement.[3]
In addition, this office has interpreted the Officer's Bill of Rights as affording officers the means to vindicate their actions and reputations against unjustified claims made against them by persons outside the employing agency.[4]
Considering the purpose of the statute and its plain language, it is my opinion that a law enforcement officer who is under investigation and subject to interrogation by members of his agency has a right to be represented by counsel or any other representative of his choice who shall be present at all times whenever the interrogation relates to the officer's continued fitness for law enforcement service.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, Ch. 74-274, Laws of Florida. See also, West v. State, Department of Criminal Law Enforcement, 371 So.2d 107 (1 D.C.A.Fla., 1978) (procedures provided in s. 112.532, F.S., require that hearings be conducted in such a manner as to afford constitutional due process) and AGO 86-26 (s. 112.532, F.S., prohibits threat of disciplinary action during an interrogation of law enforcement officer under investigation or interrogation by members of his agency).
[2] Section 112.531(3), F.S., defines "[e]mploying agency" to mean "any municipality or the state or any political subdivision thereof which employs law enforcement officers or correctional officers as defined in this section."
[3] See, Trushin v. State, 475 So.2d 1290 (3 D.C.A.Fla., 1985), review denied, 486 So.2d 598 (Fla. 1986) (where language of a statute is unambiguous, it must be given its plain meaning).
[4] See, AGO 87-35 (municipality required by s. 112.532, F.S., to have a complaint review board for the disposition of complaints filed against municipal police officers by persons outside the municipal police department upon the request of the officers who are the subject of such complaints).