392 So.2d 1345 (1980)
CITY OF TARPON Springs, a Florida Municipal Corporation, Appellant,
v.
STATE of Florida ex rel. Thomas MEISTER and Oscar Taylor, Appellee.
No. 79-2341.
District Court of Appeal of Florida, Second District.
December 10, 1980.
Rehearing Denied January 30, 1981.
*1346 Herbert Elliott, Tarpon Springs, for appellant.
J.E. Satterfield, Clearwater, for appellee.
SCHEB, Chief Judge.
The trial court issued a peremptory writ of mandamus ordering the City of Tarpon Springs to reinstate two employees it had discharged without following procedures set out in its ordinances. We reverse because reinstatement was improperly ordered where there was no determination that the employees had a clear right to be reinstated.
*1347 The City of Tarpon Springs discharged Thomas Meister and Oscar Taylor on September 16, 1977, on the ground that they had stolen some of its water meters. At that time the City's ordinances provided that it could discharge employees only for cause and that a terminated employee was entitled, upon request, to a hearing before the City's Merit System Personnel Board. Meister and Taylor petitioned the Board for review, and on December 16, following an evidentiary hearing, the Board ruled against them.
The City's ordinances also provided for a new hearing before the City Commission, provided request was made within fifteen days of the decision of the Board. On December 22, 1977, Meister and Taylor requested a hearing de novo before the Commission. When the Commission failed to conduct a hearing, they petitioned the circuit court for a writ of mandamus to require the City to reinstate them. The court issued an alternative writ on February 8, 1978. On April 12, while the litigation was in progress, the City conducted a hearing. Over the objection of Meister and Taylor, the Commission simply had the record of the Merit Board hearing read aloud and copies furnished to the commissioners for their review. The city attorney advised the Commission to examine the record and findings and determine whether there was substantial competent evidence to support the findings of the Merit Board. On a tie vote the Commission declined to revise the Board's findings.
On June 27, 1978, the trial court entered a final judgment holding that the Commission's hearing was not in substantial compliance with the City's ordinances in that it was not a "new hearing." Therefore, the court voided the City's discharge of Meister and Taylor and ordered the City to reinstate them with full seniority and backpay from the date of discharge.
On August 11, the City moved to set aside that judgment under Florida Rule of Civil Procedure 1.540(b). The trial court granted the motion and on January 19, 1979, entered an amended final judgment directing the City to hold a hearing de novo to determine whether Meister and Taylor had been discharged for cause. The court also ruled that if the City determined that it had not discharged them for cause, it must reinstate them with full seniority and backpay, less any compensation they received between the time of their discharge and reinstatement.
Next, the employees moved for rehearing, and the court entered a third-final judgment on December 7, 1979, holding that the discharge of Meister and Taylor was void. As in its first judgment, the court directed the City to reinstate Meister and Taylor with reimbursement for lost wages and full seniority on the ground that the tie vote of the Commission could not sustain the action of the Merit Board. The City now challenges this third-final judgment.
At the outset we observe that the City Commission erred in failing to grant Meister and Taylor a hearing de novo. At the time Meister and Taylor requested the hearing, section 2-49 of the City Code provided, "In a hearing, the personnel board shall not be bound by technical rules of evidence, but shall use reasonable grounds and discretion to secure a fair and complete hearing of the facts of the case." Section 2-50 provided for a new hearing before the City Commission and stated that, "[t]he commission, in conducting such hearings, shall be found by the same procedures ... as ... for personnel board hearings." To follow the procedures of the Merit System Personnel Board, the Commission had to conduct "a fair and complete hearing of the facts of the case," that is, a hearing de novo.
In its second final judgment, the trial court properly construed the City's ordinances as requiring a hearing de novo. It also properly ordered the City Commission to conduct a hearing de novo and to determine whether Meister and Taylor were discharged for cause. It follows that the court correctly held that if the City Commission should determine that Meister and Taylor were not properly discharged for cause, the *1348 City must reinstate them with no loss of seniority and with reimbursement for lost pay.
The court, however, erred in amending its second-final judgment to order the City to immediately reinstate Meister and Taylor. Mandamus is an extraordinary writ available to require an official or governmental body to perform duties required by law. State v. City of Lakeland, 112 Fla. 200, 150 So. 508 (1933); Ferris v. Board of Public Instruction of Sumter County, 119 So.2d 389 (Fla. 2d DCA 1960). It is essential that the act which the petitioner seeks to compel through the writ be ministerial and not discretionary. City of Miami Beach v. Mr. Samuel's Inc., 351 So.2d 719 (Fla. 1977); Solomon v. Sanitarians' Registration Board, 155 So.2d 353 (Fla. 1963). The City followed its procedures in terminating Meister and Taylor, and the Merit Board affirmed the termination. The City Commission has not yet held the required hearing de novo. Consequently, at this point Meister and Taylor have no clear right to be reinstated, and the trial court could not order their reinstatement. Unless it is determined that the City did not have cause to terminate them, Meister and Taylor cannot obtain reinstatement through a writ of mandamus. This is consistent with the decisions of our sister courts that under similar circumstances it is improper for a court to issue a writ of mandamus to require a city or public officer to reinstate a public employee. City of Hollywood v. Fielding, 362 So.2d 362 (Fla. 4th DCA 1978); Moneyhun v. Purdy, 258 So.2d 505 (Fla. 3d DCA 1972).
Inasmuch as mandamus is a remedy to command performance of a ministerial right and conducting the hearing was a ministerial function under the City's ordinances, the writ issued in the secondamended final judgment compelling the City to conduct the hearing was appropriate.
Meister and Taylor were entitled to the hearing de novo; hence, their discharge cannot be final until the conclusion of the hearing. Therefore, they are entitled to their net lost wages for the period that the City deprived them of a hearing de novo irrespective of whether the City Commission ultimately determines that they were discharged for cause. The City contends that it offered to conduct the hearing on August 11, 1978, but that Meister and Taylor declined the offer. Consequently, on remand the trial court must determine the date on which the City finally offered to conduct a hearing de novo as Meister and Taylor are entitled to their net lost wages for the period from fifteen days from their request for a hearing to the time the City offered to provide one or provides one, whichever is earlier.
We have examined and find no merit to the remaining points argued by the City.
Accordingly, we vacate the writ of mandamus issued December 7, 1979, and remand to the trial court with directions that it reinstate its second-final judgment entered on January 19, 1979, with the additional provision that irrespective of whether the City Commission finds cause for termination, the employees shall receive their net lost wages for the time they were denied a hearing.
GRIMES and OTT, JJ., concur.