FERGUSON, Judge.
The City of Coral Gables, appeals from an order of the appellate division of the circuit court granting a petition for mandamus and ordering the City’s trial board to reconvene pursuant to provisions of the City Charter to determine whether an employee’s transfer in employment constitutes an unlawful penalty. The provision in question is Section 25 of the Charter of the City of Coral Gables which authorizes the convening of a Trial Board to investigate and determine the propriety of an action where an officer or employee of the City has been removed, suspended, laid off, or reduced in grade.
*978 George Dodaro was employed by the City of Coral Gables as a cashier at the Biltmore Golf Course. On June 4, 1979, he was notified by the City Manager that his employment was terminated. Dodaro requested and was granted a hearing before the City’s Trial Board pursuant to Section 25 of the City Charter. After presentation of the evidence, the City Attorney announced that he was withdrawing the charges against Dodaro and reinstating him in the same job classification he held prior to the termination. Dodaro was reinstated to employment but transferred from the Golf Course to the Venetian Pool.
Dodaro now contends that the transfer from the Golf Course to the Venetian Pool constitutes a demotion in that it deprives him of a substantial part of the income he previously received from the City of Coral Gables. From oral argument we gather that petitioner received commissions from the Golf Course Pro Shop for sales of sporting goods. There is nothing in the record which sheds any light on the nature of the arrangement through which he received the additional compensation, particularly whether it was a supplemental income paid to Dodaro by the City of Coral Gables as part of his wages and salary. As a consequence of the transfer action, Dodaro no longer receives income from commissions.
Dodaro sought to re-open his case before the Trial Board. The City Attorney who prosecuted the case against Dodaro rendered an opinion to the City Commission concluding that the Trial Board no longer had jurisdiction in the Dodaro matter. Based on that opinion the Commission passed a resolution which barred the Trial Board from further hearing of the case.[1] The matter had not been placed on the agenda of the City Commission, nor was the Trial Board notified of the action until some nineteen days later.[2] Fortunately we are able to resolve the issue raised by this appeal without review of the City’s apparently unusual administrative procedures in this case.
We hold that if an employee who is purportedly transferred laterally, suffers a substantial reduction in income paid to him by the employer, he then makes a pri-ma facie case that he has been demoted no matter that the job title is the same. Comparative salaries is one factor the court will consider in determining whether a job transfer in public employment is actually a demotion. Board of County Commissioners v. State, 111 So.2d 476 (Fla.3d DCA 1959).
The writ of mandamus directs the Trial Board to reconvene to determine an. issue not previously raised, i. e., whether the transfer is actually a reduction in grade in light of the alleged substantial reduction in pay.
Where an aggrieved employee makes a timely request for review of city action, Section 25 provides that the “trial board shall thereupon investigate and determine the propriety of such action....”[3] [emphasis supplied].
Here the writ compels the performance of a ministerial act or mandatory duty where there is a clear legal right in the employee, a corresponding duty of the City, and a want of any other adequate remedy. See, e. g., State ex rel. Blatt v. Panelfab International Corp., 314 So.2d 196 (Fla.3d DCA 1975). Though mandamus is a legal remedy, granting of the writ is governed by equitable principles. Shevin ex rel. State v. *979 Public Service Commission, 333 So.2d 9 (Fla.1976).
Affirmed.

. Resolution 22739 reads: “Be it resolved by the Commission of the City of Coral Gables : that the opinion of the City Attorney that the Trial Board no longer has jurisdiction on this matter and that the Trial Board should not be polled to resume the Dodaro hearing shall be and it is hereby upheld.”

. One board member wrote to the City Manager expressing surprise that the jurisdiction of the Trial Board had been resolved by the Commission without notice to the Board. Three of the five Board members filed affidavits expressing agreement with the allegations contained in Dodaro’s Petition for Writ of Mandamus.

.See, e. g., Tascano v. State, 393 So.2d 540 (Fla.1980) (Case No. 55,394, opinion filed June 5, 1980). “Shall” is mandatory, not discretionary nor directory language. See also Holloway v. State, 342 So.2d 966 (Fla.1977).