SCHOONOVER, Judge.
Appellant, Sherman Mayo, appeals from a final judgment denying his request for a writ of mandamus or, in the alternative, declaratory relief. We find that the trial court erred by refusing to grant appellant’s request for a writ of mandamus ordering appellee, City of Sarasota (city), to schedule a hearing before the city’s civil service board. We, accordingly, reverse.
Mr. Mayo, a fire fighter first class, was employed by the City of Sarasota on July 30, 1980. In 1983 he developed recurrent folliculitis, a condition caused by ingrown hair. Upon his doctor’s recommendation, he was allowed to grow a short, well trimmed beard. Mayo continued to perform his duties as a fire fighter, including using his self-contained breathing apparatus, for several months, but was then reassigned to the training division of the fire department.
The city claimed that Mayo’s beard prevented him from safely carrying out his duties as a fire fighter and in October 1984, informed him that unless he agreed to transfer to a different position, he would be laid off. Mayo refused the transfer, which would have resulted in a substantial decrease in salary, and the city laid him off.
After Mayo’s request for a hearing before the civil service board was denied, he filed an action in the circuit court seeking a writ of mandamus ordering the city to provide him with a hearing and for other declaratory relief.
In response to Mayo’s petition, the city admitted that Mayo was part of the city’s civil service system and conceded that if he *349 had been demoted, suspended, or dismissed, he would have the right to appeal to the civil service board. The city contended, however, that Mayo was not demoted, suspended, or dismissed but instead was laid off and, therefore, was not entitled to a hearing.
The trial court entered a final judgment in favor of the city, and Mayo filed a timely notice of appeal.
Mayo contends that he was dismissed by the fire chief and, therefore, under the city’s charter he was entitled to a hearing before the civil service board. The city contends that Mayo was not dismissed but was laid off and, therefore, was not entitled to a hearing. We agree with Mayo.
The charter of the City of Sarasota establishes a civil service system whereby a civil service board serves as a board of appeal for members of the fire department. In such capacity, the board hears and determines appeals from a member’s demotion, suspension, or dismissal by the fire chief. Sarasota, Fla. Charter, Ant. V, § 3 (1973).
Pursuant to the charter, the city passed personnel rules and regulations for the civil service system. We find the following rules and their provisions pertinent to the determination of this case. Rule 14.7 provides for the civil service board to hear and determine an appeal filed by an employee who has been demoted, suspended, or dismissed. Rule 7.15(d) provides that cause for dismissal, suspension, or demotion shall be based on, but not restricted to, permanent or chronic physical or mental ailment or defect which incapacitates, after reasonable accommodation, the employee from the satisfactory performance of his duties. Rule 7.16 provides that a department head may request the layoff of a permanent employee when it is deemed necessary by reason of shortage of work or funds, the abolition of the position, material changes in department organization, or for work related reasons. The rule then provides that no permanent employee shall be laid off while another person in a position is employed on a probationary or temporary basis in the same class in the department. Temporary employees shall be laid off before probationary employees. The rule also provides for a specific order of layoff of permanent employees.
The city contends that, since Mayo could not propérly perform the duties of the fire fighter, he was laid off pursuant to a rule 7.16 for a work related reason. We disagree.
Under the doctrine of ejusdem gen-eris where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase will usually be construed to refer to things of the same kind or species as those specifically enumerated. Arnold v. Shumpert, 217 So.2d 116 (Fla.1968); see also, Soverino v. State, 356 So.2d 269 (Fla.1978). Application of this doctrine to rule 7.16 results in “work related reasons” being limited to those reasons dealing with the efficient operation of the fire department and not to reasons dealing with a particular employee’s ability to perform his duties.
Furthermore, rule 7.16 must be construed so that it is meaningful in all of its parts. Lusher v. Guardianship of Lusher, 434 So.2d 951 (Fla. 2d DCA 1983). If “work related reasons” in rule 7.16 applied to a person who could not perform his duties because of a condition personal to himself, the balance of the rule dealing with the determination of who should be laid off and in what order could not be given a meaningful construction.
Additionally, a discharge normally means the termination of the employment relationship or loss of a position. A layoff, on the other hand, is ordinarily a period of temporary dismissal; inherent in the term is the anticipation of recall. See CBS Inc. v. International Photographers, 603 F.2d 1061 (2d Cir.1979). In this case, the city does not contend that Mayo’s separation was temporary with the anticipation of recall or that his employment was terminated for any reason similar to those reasons specifically provided in rule 7.16 as the basis for employee layoffs. Rather, the reason the city gave for Mayo’s termination, i.e., that he could not properly perform the duties of *350 a fire fighter, more closely fits the cause for dismissal, demotion, or suspensions provided for by rule 7.15(d).
We, accordingly, hold that because Mayo was separated from employment for a reason personal to himself without a mutual understanding that the separation was temporary and for the benefit of the department itself, Mayo was not laid off pursuant to rule 7.16. Rather, under the circumstances of this case, Mayo was dismissed by the city and entitled to have his appeal heard by the civil service board as provided by rule 14.7 and article V, section 3 of Sarasota’s city charter.
We also reject the city’s contention that the collective bargaining agreement entered into between the city and Mayo’s union required that the matter be submitted to arbitration. In Public Employees Relations Commission v. District School Board, 374 So.2d 1005 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1193 (Fla. 1980), this court held that an employee had the right to elect between the statutory appeal procedure available to him and the arbitration procedure available to him in a collective bargaining agreement.
Since the scheduling and conducting of a hearing is a ministerial act and all of the other conditions required for the issuance of a writ of mandamus were met, the appellant was entitled to a writ of mandamus, and the trial court erred by refusing to grant it. City of Tarpon Springs v. State ex rel. Meister, 392 So.2d 1345 (Fla. 2d DCA 1980); see also, City of Coral Gables v. Dodaro, 397 So.2d 977 (Fla. 3d DCA
1981).
We, accordingly, reverse and remand for proceedings consistent herewith.
CAMPBELL, A.C.J., and FRANK, J., concur.