STONE, Judge.
Appellant, a police officer, appeals from the trial court’s dismissal of his petition for a writ of mandamus following a hearing on the petition.
On September 7,1984, the officer appealed to the City’s civil service board regarding a July 1st transfer from one patrol district to another. The board denied relief without affording the appellant a hearing on the merits of his claim, concluding that the City’s rules governing appeals to the board did not provide for appeals from this type of transfer. Although the notice of the denial of a hearing was issued on October 16, 1984, appellant did not take further action until January, 1985, when he filed a petition for a writ of mandamus, alleging that the granting of a hearing was a purely ministerial act under the board’s rules.
In response to the petition, the City claimed that the appeal to the civil service board was untimely filed, as under the City’s rules, DeNigris had thirty days from the date of the City’s action — i.e., the transfer — to file an appeal. Citing City of Hollywood v. Litteral, 446 So.2d 1152 (Fla. 4th DCA 1984), the appellee also contended that the petition itself was also “untimely,” alleging that the correct mode of review was a petition for certiorari filed within thirty days.
The trial court dismissed the petition on the ground that the appeal to the civil service board was untimely, and as an additional or alternative ground, found that the petition itself was untimely.
Appellant contends that his appeal to the board was timely filed because he had initially sought review pursuant to grievance procedures under a newly ratified collective bargaining agreement between the City and his police lodge, and it was not until August 18th, 1984, that he *470 was officially advised by the City that since that agreement was not yet in effect on the date of his transfer, he could not seek review under its provisions. However, the record is also clear that appellant had been advised of this situation in writing by his district commander and the chief of police in July. The timeliness of appeal issue was presented to the trial court in the pleadings, although it does not appear to have been the written basis for the opinion of the board’s attorney, upon which the board relied in finding no jurisdiction over the grievance.
Upon a review of a limited record, we conclude that the trial court did not err nor abuse its discretion in finding that the appeal to the civil service board was not timely filed. Under the City’s civil service rules, made a part of this record, an employee has thirty days after certain actions within which to bring an appeal. Appellant failed to do so within the time provided, and although this does not appear to be the specific reason for denial of a hearing by the board’s attorney, it was one of the grounds argued before the trial judge. Appellant offers no excuse for his failure to comply with this rule other than his pursuit of the grievance under the collective bargaining agreement between his union and the City, despite his knowledge that the contract had not been adopted until after his transfer. Appellant cites no authority for tolling the civil service appeal period pending a resolution of his decision to pursue the alternative procedure.
We therefore need not address the issue of whether the trial court erred in determining that the petition itself was untimely. The decision of the board that a transfer is not appealable, and that it thus lacked jurisdiction to hear the matter, is arguably a quasi-judicial decision, involving an exercise of judgment in interpreting the board’s own rules. Therefore the proper vehicle for review would have been by filing a petition for certiorari within thirty days, pursuant to Florida Rule of Appellate Procedure 9.100(c). City of Hollywood v. Litteral; State ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla. 4th DCA 1974), cert. denied, 320 So.2d 389 (Fla.1975).
The act of convening a hearing when required by the agency’s rules is a ministerial act. See City of Tarpon Springs v. State ex rel. Meister, 392 So.2d 1345 (Fla. 2d DCA 1980). However, here the board was required to interpret the language in its rules in order to determine whether it had jurisdiction. Therefore this was not an instance where the board failed to convene a hearing required by its rules, in which event mandamus would lie. City of Tarpon Springs v. State ex rel. Meister. See also Hunter v. Solomon, 75 So.2d 803 (Fla.1954).
Appellant supplies no rule nor authority for his contention that a transfer of the type involved in this case is within the jurisdiction of the board. He has also failed to demonstrate that he incurred any financial loss other than possible loss of outside employment for “off-duty” details, nor any other basis for considering this type of transfer to be a demotion cognizable under the board rules. See City of Coral Gables v. Dodaro, 397 So.2d 977 (Fla. 3d DCA 1981).
There is no support in the record for a conclusion that the board rules govern transfers from one police patrol district to another. The rules provide that an appeal must stem from a dismissal, discharge, demotion, or an improper application or misinterpretation of the rules to the employee’s detriment. However, appellant claimed none of these areas as the subject of his grievance in his appeal request.
Therefore, the order of the trial court is affirmed.
ANSTEAD and GUNTHER, JJ., concur.