601 So.2d 594 (1992)
BOARD OF TRUSTEES-CITY SUPPLEMENTAL PENSION FUND FOR FIREMEN AND POLICEMEN IN THE CITY OF MIAMI BEACH, Appellant,
v.
David M. MENDELSON, Appellee.
No. 91-2364.
District Court of Appeal of Florida, Third District.
June 9, 1992.
Cypen & Cypen and Myles Cypen, Miami Beach, for appellant.
Slesnick & Lober and Donald Slesnick, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
COPE, Judge.
The Board of Trustees of the City Supplemental Pension Fund for Firemen and Policemen in the City of Miami Beach appeal the issuance of a writ of mandamus by the circuit court. We affirm.
Appellee David Mendelson was a City of Miami Beach police officer who was injured in a traffic accident while on duty. He submitted an application to the Board of Trustees, claiming an entitlement to disability benefits. Subsequent to submission of his application for benefits, he was discharged by the City of Miami Beach. Under the ordinance establishing the pension fund, "Members entitled to a pension shall not forfeit the same upon dismissal from the department, but shall be retired as herein prescribed." City of Miami Beach Ordinance No. 89-2640, § 11.
*595 On February 21, 1991, the Board of Trustees held a meeting. At that time the Board received a report from its legal counsel, reciting that counsel had reviewed a transcript of proceedings which had occurred before the City of Miami Beach Personnel Board in November, 1990. The Board of Trustees' minutes summarize counsel's report:
[B]ecause the process during which Mr. Mendelson was hired by the City did not involve complete factual information provided by Mr. Mendelson at that time, and based upon documentation provided by the City where the City has indicated that the City would not have hired Mr. Mendelson, all meaning that Mr. Mendelson would not have been a member of the pension plan except for those misrepresentations; it is Attorney Cypen's recommendation that the Board not proceed with the hearing.
The Board allowed Mendelson's counsel to speak in opposition, but no evidence was taken at the Board of Trustees' meeting. Based on the report of the Board of Trustees' counsel, the Board passed a motion "that the application of David Mendelson for service incurred disability retirement not be acted upon... ."[1]
Mendelson filed a petition for writ of mandamus in the circuit court, requesting that the Board of Trustees be required to hold a hearing on his application. The circuit court granted the writ "in order to enforce a right to a hearing as provided for by the City Supplemental Pension Fund for Firemen and Policemen in the City of Miami Beach. Mandamus is an appropriate remedy herein to compel Respondent to exercise its legal duty to hear Petitioner's application for disability retirement." Writ of Mandamus, para. 4. The City has appealed.
On the merits, the trial court is entirely correct. Mendelson asserts that he is disabled within the meaning of the Pension Fund ordinance. He is entitled to a hearing on his application. By the same token, if the Board of Trustees believes that there is a valid defense which would defeat Mendelson's entitlement to a pension, it may receive evidence about that defense at the hearing. By that procedure the Board of Trustees and Mendelson will each have a full and fair opportunity to develop an administrative record on all issues bearing on Mendelson's entitlement or non-entitlement to a pension. After the Board of Trustees rules, judicial review will be available if needed.[2]
In this case the circuit court has done no more than order the Board of Trustees to conduct the hearing to which Mendelson is entitled. That is an appropriate function for mandamus. See Mayo v. City of Sarasota, 503 So.2d 347, 350 (Fla. 2d DCA), review denied, 511 So.2d 998 (Fla. 1987); City of Tarpon Springs v. State ex rel. Meister, 392 So.2d 1345, 1348 (Fla.2d DCA 1980).
The Board of Trustees next argues that there was a procedural error in the circuit court. We agree, but conclude that the error was harmless.
After the petition for writ of mandamus was filed, the Board of Trustees moved to *596 quash. When the motion to quash was denied, the Board indicated that it would file an answer and affirmative defenses to the petition for writ of mandamus. The trial court interpreted its show cause order as having required all defenses to be presented by the return date, and held that the submission of an answer would be untimely. The Board nonetheless filed an answer, and the writ of mandamus indicates that the answer was reviewed by the trial court prior to the issuance of the writ. The trial court concluded, and we agree, that the answer and affirmative defenses were insufficient to create any triable issue, and that the writ was properly issued.
We comment, however, that the Board's reading of Rule 1.630, Florida Rules of Civil Procedure, was correct. The Rule was adopted in 1985 in order to supplant the previous procedures for seeking extraordinary remedies in the circuit court. Id. Court Commentary.
Under Rule 1.630(e), the "[d]efendant shall respond to the writ as provided in Rule 1.140... ." Rule 1.140, in turn, provides for service of an answer within twenty days, id. 1.140(a)(1), but also provides that seven enumerated defenses "may be made by motion at the option of the pleader... ." Id. 1.140(b). Where such a motion is made, it "shall be made before pleading if a further pleading is permitted." Id. Where such a motion is made and denied, then "the responsive pleadings shall be served within 10 days after notice of the court's action ... unless a different time is fixed by the court... ." Id. 1.140(a)(2).
In short, practice under Rule 1.630 is intended to be, to a great extent, parallel to the practice in ordinary civil cases. Rule 1.630 contemplates that in the ordinary case the defendant can move to dismiss or quash if there is a basis to do so, and the filing of one of the seven enumerated motions will postpone the requirement to file an answer. The court can, of course, otherwise order in exigent circumstances or for other good cause shown. If that is done, then the show cause order should clearly so state, so that there is no misunderstanding on the part of the defendant. In the present case the show cause order was ambiguous. It was reasonable for the Board to rely on the procedure prescribed by Rules 1.630 and 1.140, and to file the answer after the motion to quash was denied. Ultimately the answer was filed and considered, and the procedural irregularity was harmless error.
Affirmed.[3]
NOTES
[1] Certified copy of motion, Board of Trustees meeting  February 21, 1991. The Board's action reads in full:

Motion that the application of David Mendelson for service incurred disability retirement not be acted upon because of the Board's determination that the process during which Mr. Mendelson was hired by the City did not involve complete factual information provided by Mr. Mendelson at that time, and based upon documentation provided by the City where the City has indicated that the City would not have hired Mr. Mendelson, all meaning that Mr. Mendelson would not have been a member of the pension plan except for those misrepresentations; and a refund of all contributions, plus interest, be made to Mr. Mendelson as is given to any employee who has contributed and has no membership rights.
[2] Despite the Board of Trustees' contention to the contrary, it is abundantly clear that the trial court has expressed no view on the merits of Mendelson's claim of entitlement to a pension, nor on the Board of Trustees' contention that alleged misstatements by Mendelson to the City at the time he was employed would constitute a defense to payment of a disability pension for service connected disability. We likewise express no view on the merits of the contentions of the respective parties.
[3] Because we conclude that Mendelson properly proceeded by mandamus, and that the proceeding below was not in substance a petition for certiorari, the date of rendition of the Board's administrative order is academic. See Fla. R.Civ.P. 1.630(c) (providing jurisdictional time limit for common law certiorari). We note, however, that the term "rendition" as used in Rule 1.630(c) is a term of art defined in Rule 9.020(g), Florida Rules of Appellate Procedure. The relevant date was not, as the Board contends, the date of the Board of Trustees' meeting, but rather the date of "filing of a signed, written order with the clerk of the lower tribunal." Id.